UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Justin Gray, et al.,<br><br>　　　　　　Defendants. | No. 1:20-cr-00238-JLT-SKO<br><br>ADMINISTRATIVE ORDER |

Defendants are charged with conspiracy to participate in a racketeering enterprise, murder in aid of racketeering, conspiracy to commit murder in aid of racketeering, and various drug trafficking related charges. *See generally* Third Superseding Indictment, ECF No. 1098. Defendant Justin Gray requests the undersigned, as Chief Judge of the Eastern District of California, allow disclosure of information regarding grand jury selection records. *See generally* Mot., ECF No. 1125. Defendants Brandon Bannick, Kenneth Johnson, Francis Clement, Evan Perkins, Jayson Weaver and Waylon Pitchford join the motion. *See* Bannick Joinder, ECF No. 1132; Johnson Joinder, ECF No. 1135; Clement Joinder, ECF No. 1138; Perkins Joinder, ECF No. 1141; Weaver Joinder, ECF No. 1209; Pitchford Joinder, ECF No. 1282. The government opposes the motion in part, *see* Opp'n, ECF No. 1199, and Gray has replied, *see* Reply, ECF No. 1250. The undersigned **grants the motion to the extent explained below**.

1

## I. LEGAL STANDARD

The United States aspires to ensure all federal juries are "selected at random from a fair cross section of the community." 28 U.S.C. § 1861. By the same token, it is the United States' policy that "all citizens" will "have the opportunity to be considered for service on grand and petit juries" as an obligation of citizenship. *Id.* No one may be excluded from service as a juror "on account of race, color, religion, sex, national origin, or economic status." *Id.* § 1862. Congress passed the Jury Selection and Service Act (JSSA) to achieve these goals. *See id.* Under that law, district courts must create and follow a "written plan for random selection of grand and petit jurors" to achieve these purposes. *Id.* § 1863(a). This district's current plan is publicly available and located in General Order 680. *See* General Order 680, Adoption of Amended Jury Selection Plan (Adopted July 12, 2024).[1]

Defendants may move to dismiss an indictment or stay proceedings "on the ground of substantial failure to comply" with the JSSA. 28 U.S.C. § 1867(a). If "necessary" for preparing such a motion, the JSSA allows defendants to "inspect, reproduce, and copy" court records "in connection with the jury selection process." *Id.* § 1867(f). This is "essentially an unqualified right." *Test v. United States*, 420 U.S. 28, 30 (1975) (per curiam). Defendants need not prove, for example, their planned motion is likely to succeed as a prerequisite to inspecting court records. *United States v. Diaz*, 236 F.R.D. 470, 477 (N.D. Cal. 2006) (citing *United States v. Beaty*, 465 F.2d 1376, 1380 (9th Cir. 1972)). But a defendant's rights are "not limitless." *Id.* at 482. Court records may be disclosed only "as may be necessary in the preparation or presentation of a motion" to dismiss or stay. 28 U.S.C. § 1867(f). In the Eastern District of California, motions to release juror records and requests to inspect jury wheel records must be made to the Chief Judge. *See* General Order 680, Juror Management Plan §§ 6.02, 6.04. Such motions "must show exceptional and compelling circumstances why disclosure should be allowed." *Id.*

---

[1] https://www.caed.uscourts.gov/caednew/index.cfm/rules/general-orders/ (last visited Sept. 6, 2024).

## II.  ANALYSIS

Gray requests the release, copying and inspection of twenty-four different categories of grand jury selection records.  *See* Mot. at 5–8.  Each request is reproduced below and evaluated along with the government's objections, if any.

> 1. **Date of the grand jury.**  The date when the grand jurors who returned the Third Superseding Indictment in this case were summoned.

Mot. at 5.  The government objects arguing the "date" is not a "record" or a "paper" under § 1867(f).  *See* Opp'n at 5.  However, as the government acknowledges, this court previously has rejected this argument.  *See United States v. Yandell*, No. 19-00107, 2023 WL 2918803, at *3 (E.D. Cal. Apr. 12, 2023) (citing *United States v. Holmes*, No. 18-00258, 2020 WL 5408163, at *3, 5 (N.D. Cal. Sept. 9, 2020)).  For the same reasons the court articulated previously, the request is **granted**.

> 2. **Jury plan.**  The jury plan in effect on the date the grand jurors who returned the Third Superseding Indictment were summoned. The current Juror Management Plan was adopted by the Court on March 26, 2024. It is unclear whether the previous or current Juror Management Plan was in effect at the time of the formation of the grand jury that returned the relevant indictment.

Mot. at 5.  Gray has withdrawn this request, *see* Reply at 2, and so the court **denies this request as moot**, *see* Opp'n at 5 (stating "General Order No. 642 implemented the operative Jury Plan").

> 3. **Jury divison.** The jury division[2] chosen for the grand jury that returned the relevant indictment in this case. Jury Plan, Section 4.06.1.

Mot. at 5.  The government does not object to this request.  *See* Opp'n at 5.  The request is **granted**.

---

[2] Although the jury plan uses the word "division," this does not mean the Eastern District has formal "divisions" provided for by Congress, unlike some other district courts.  Wherever the word "division" is used in this order, the court understands it to refer to a particular courthouse, as in Fresno or Sacramento, and the area served by a given courthouse.

3

|   |   |   |
|---|---|---|
| 4. | | **Reasons for the Choice of Jury Division.**  Any documents that describe the reasons for the choice of the jury divison(s) for the grand jury that returned the relevant indictment in this case in addition to Section 1.07 of the Jury Plan.  Jury Plan, Section 4.06. |

Mot. at 5.  The government objects to this request, arguing section 1.07 of the operative Jury Plan contains the reasons for the choice of jury division.  *See* Opp'n at 5.  In response, Gray points out that "the jury plan allows jurors to be selected from a single division or a combination of divisions 'as the Chief Judge may from time to time direct.'"  Reply at 2 (quoting Section 1.07 of the Jury Plan).  According to Gray, if the Chief Judge made such an adjustment, any associated documents should be disclosed under 28 U.S.C. § 1867(f).  The court agrees.  The request is **granted**.

|   |   |   |
|---|---|---|
| 5. | | **Records re Reasons for the Change in Jury Divisons.**  Any memorandum, records, studies, or other documents relating to the removal of Calaveras County and Stanislaus County from the Fresno Division. |

Mot. at 6.  The government objects arguing this information is not needed for a motion to dismiss the Third Superseding Indictment or stay proceedings.  *See* Opp'n at 5.  Gray contends the information falls within 28 U.S.C. § 1867(f) and is necessary to understand whether the change was made "to correct a flaw in the 2022 jury plan."  Reply at 3.  The court agrees, because to the extent such documents exist, they may bear upon the methods or procedures by which the grand jury was empaneled in 2022 and are therefore discoverable under 28 U.S.C. § 1867(f).  *Cf. United States v. Holmes*, No. 18-00258, 2020 WL 5408163, at *5 (N.D. Cal. Sept. 9, 2020) (granting request to produce documents related to changes made to the District's Jury Plan due to the COVID-19 pandemic).  The request is **granted.**

|   |   |   |
|---|---|---|
| 6. | | **Administrative Forms.** Any and all AO-12 forms or JS-12 forms created that relate to the Master Jury Wheel and Qualified Jury Wheel used to summon the grand jurors who returned the relevant indictment in this case, as required by 28 U.S.C. § 1863(a). |

Mot. at 6.  The government does not object to the request to the extent it seeks AO-12 forms or JS-12 forms completed for the 2022 calendar year.  Reply at 6.  Gray accepts this limitation, *see* Reply at 3, and the court **grants** the request with this limitation.

4

7. **Data.** Any additional statistical or demographic analyses produced to ensure that the Master Jury Wheel and Qualified Jury Wheel used to summon the grand jurors in this case complied with the Jury Plan, the JSSA, and constitutional requirements. Jury Plan, Section 1.04.

Mot. at 6. The government objects to the request, because section 1.04 "did not require the Clerk in 2022 to prepare or rely on 'statistical or demographic analyses' to summon grand jurors." Opp'n at 6. Further, the government points out that the AO-12 or JS-12 forms would provide the information sought in this request. *Id.* However, as this court previously found in response to a similar request, "[i]f additional statistical or demographic analyses were performed, they could be necessary to support a motion under § 186[7](f)." *See Yandell*, 2023 WL 2918803, at *2 (citing *Holmes*, 2020 WL 5408163, at *6)). The request is **granted**.

8. **Qualified Jury Wheel Refill Date.** The date when the Qualified Jury Wheel used to summon grand jurors in this case was last refilled, as described in Section 1.09 of the Jury Plan.

9. **Master Jury Wheel Refill Date.** The date on which the Master Jury Wheel that was used to summon the grand jurors in this case was refilled as described in Section 2.04 of the Jury Plan.

Mot. at 6. The government objects to requests eight and nine because the "date" is not a "record" or "paper" under 28 U.S.C. § 1867(f). *See* Opp'n at 6. However, as noted above, the court has found otherwise. These requests are **granted**. *See also Yandell*, 2023 WL 2918803, at *3 (granting similar request).

10. **Purge Procedures.** Any descriptions of the procedures used to purge duplicate records and any report or analysis of the procedures in addition to those provided in Jury Plan Section 2.02.

11. **Calculation Procedures.** Any additional records pertaining to the specific procedures followed, as set forth in Section 2.02 and 2.03 of the Jury Plan, and the record of calculations performed as described in Section 4.06 of the Jury Plan.

Mot. at 6. The government objects to requests ten and eleven due in part because the requests require the Clerk of Court to "prepare a declaration." *See* Opp'n at 7. In response, Gray modifies his request and seeks only the production of existing materials. *See* Reply at 4. These requests are **granted** as modified. *See also Yandell*, 2023 WL 2918803, at *3 (granting similar request).

12.  **General Notice.** Any general notice explaining the process by which names were randomly and periodically drawn from the wheel. Jury Plan, Sections 3.01 and 4.01.

Mot. at 6. The government does not object to this request to the extent it is limited to the 2022 calendar year. *See* Opp'n at 7. Gray accepts this limitation, *see* Reply at 4, and the court **grants** the request with that limitation.

13.  **Procedures for Non-Responses.** The existing procedures implemented to address prospective grand jurors who do not respond to a juror qualification form or had their juror qualification form returned by the postal service as undeliverable. "If the Clerk's Office has a procedure, that procedure could potentially illustrate whether a particular group tends not to respond or not to have an accurate address, and that information could be necessary to support a motion under § 1861(a)." *United States v. Yandell*, 2023 WL 2918803, at *3.

Mot. at 7. The government objects to this request and argues the request goes beyond the scope of what the JSSA permits. *See* Opp'n at 8. Further, the government argues this request requires the Clerk of Court to "prepare a response." *Id.* Gray does not clarify in reply whether he seeks only the production of existing materials. *See* Reply at 4. To the extent Gray seeks to have the Clerk of Court prepare a response to this request, such a request is **denied**. As the government notes, nothing in the JSSA requires the Clerk of Court to prepare a response and Gray does not provide any authority to the contrary. *See* 28 U.S.C. § 1867. However, the request is **granted** as to the production of existing materials, if any. *See Yandell*, 2023 WL 2918803, at *3 (granting similar request).

14.  **Information on Failure to Submit.** The number of persons who failed to return a juror qualification form either electronically or on paper as described in Sections 3.02 and 3.03 of the Jury Plan. "Data about trends like these could help an expert form opinions about systematic underrepresentation and could be necessary to support a motion under § 1861(a)." *United States v. Yandell*, 2023 WL 2918803, at *4.

Mot. at 7. The government objects but acknowledges this court has previously granted an identical request in a separate action. *See* Opp'n at 8. As this court has previously concluded, because such information could be necessary to support a motion under § 1867(a), the request is **granted**. *See Yandell*, 2023 WL 2918803, at *4.

15. **Failure-to-Appear or Submit**. The juror numbers (not name or address) of persons summoned for either failure to submit a juror qualification questionnaire or for failure to appear, as described in Section 3.03 of the Jury Plan.

Mot. at 7. The government objects to this request arguing a challenge under the JSSA focuses not on the people who failed to appear, but on the pool from which a grand jury was drawn. *See* Opp'n at 8. Gray argues in response that this information could help show a potential pattern or trend of nonresponses. Reply at 5. The court agrees and the request is **granted**. *See Yandell*, 2023 WL 2918803, at *4 (granting similar request).

16. **Proportionality Calculations**. The calculation of the number of potential jurors from each jury division to ensure compliance with the numbers listed in Sections 2.02, 2.03, and 4.06 of the Jury Plan.

Mot. at 7. The government does not object to the request to the extent it seeks the calculation of the number of potential jurors from the area served by the Sacramento courthouse for the year 2022. *See* Opp'n at 8. In turn, Gray accepts the 2022 limitation, but "questions whether the Sacramento Division is the appropriate division" and requests proportionality calculations from each jury division. Reply at 5. The court **grants** Gray's request for calculations from each courthouse and limits the request to the year 2022.

17. **Source Data.** The source data in electronic form for the Master Jury Wheel used to summon the grand jurors who returned the Indictment in this case, as described in Sections 2.01 and 2.02 of the Jury Plan. The data should include, as available: Race, Gender, Ethnicity, Age, Year of Birth, Zip Code, County, and Jury Division. The data shall not include any personal information that could be used to identify any individuals, such as name or street address.

18. **Numbers Summoned.** The number of persons summoned from the qualified jury wheel to be considered as grand jurors in this case.

19. **Juror Form.** The blank juror qualification and summons forms for the persons summoned to potentially be grand jurors.

Mot. at 7–8. The government does not object to requests seventeen, eighteen and nineteen. *See* Opp'n at 9. These requests are **granted**. *See also Yandell*, 2023 WL 2918803, at *4 (holding similarly).

  20.  **Juror Disposition.** The disposition of each summoned potential grand juror as to excusal, deferment, disqualification, or selection, as described in Section 3.04 and 4.06 of the Jury Plan.

Mot. at 8. The government objects but acknowledges this court has previously granted an identical request in a separate action. *See* Opp'n at 9. As this court previously concluded, juror disposition information is "potentially necessary to understanding whether the grand jury that returned the indictments fairly represented the community." *Yandell*, 2023 WL 2918803, at *4 (quoting *Holmes*, 2020 WL 5408163, at *7). The request is **granted**.

  21.  **Grand Juror Numbers.** The juror number for each grand juror who returned the relevant indictment in this case.

Mot. at 8. The government objects to this request because it argues the information "is not relevant to a claim under § 1867(a)." Opp'n at 10. In reply, Gray argues the information "enable[s] a reviewer to check whether responses to the other requests are accurate." Reply at 6. The court agrees. *See Yandell*, 2023 WL 2918803, at *4. The request is **granted**.

  22.  **Status Codes.** Status codes for potential jurors selected from the Master Jury Wheel for qualification who either had their qualification form returned by the postal service, did not respond, were disqualified, or exempted from jury service, or qualified for jury service, as described in the Jury Plan. The data should include the following: juror number, whether the form was returned undeliverable, whether the form was not returned, reason for disqualification, qualification status, race, gender, Hispanic ethnicity, birth year, zip code, city, county, and jury division. The data shall not include any personal information that could be used to identify any individuals, such as name or street address.

Mot. at 8. The government objects to this request. *See* Opp'n at 10. In response, Gray notes this court previously held that information about status codes could be relevant when analyzing systemic factors and can help verify information received in response to other requests. *See* Reply at 6 (citing to *Yandell*, 2023 WL 2918803, at *4). The request is **granted**.

23. **Summoned Pool.** The jury number for each person summoned from the Qualified Jury Wheel to potentially become a grand juror. Mot. at 8.

24. **Sources of Data.** The original sources of data (voter registration and Department of Motor Vehicle lists) in electronic form as described in Section 2.01. The data should include, as available, race, gender, Hispanic ethnicity, year of birth, zip code, city, county, and jury division but not any personal information or information that could be used to identify any individual such as name or address.

Mot. at 8. The government does not object to requests twenty-three and twenty-four to the extent they are limited to the 2022 calendar year. *See* Opp'n at 10. Gray accepts these limitations. *See* Reply at 6–7. These requests are **granted** with the limitations.

## III. CONCLUSION

Gray's motion to disclose grand jury records is granted with one exception, as explained and modified above. The Clerk of Court is directed to file under seal on the docket of this action any materials responsive to the requests granted in the order. These materials shall be accessible only to the following CM/ECF users:

- Counsel for Defendant Justin Gray: James S. Thomson and Timothy J. Foley;
- Counsel for Defendant Brandon Bannick: Ivette Amelburu Maningo and Amy E. Jacks;
- Counsel for Defendant Kenneth Johnson: Ryan J. Villa and Andrea Lee Luem;
- Counsel for Defendant Francis Clement: Jane Fisher Byrialsen and Jean D. Barrett;
- Counsel for Defendant Evan Perkins: Theresa M. Duncan and Cristina Bordé;
- Counsel for Defendant Jayson Weaver: Randy Sue Pollock;
- Counsel for Defendant Waylon Pitchford: Oliver W. Loewy and Edward J. Rymsza; and
- Counsel for United States: James Conolly and Stephanie M. Stokman.

This order does not require any member of the court's staff to prepare or create any records or documents. Nor does this order provide for the production of any personal identifying information, such as names, social security numbers, telephone numbers or full birth dates. No

such personal identifying information may be disclosed. If any materials disclosed in response to this order could identify a particular member of the jury pool, grand juror or potential grand juror, the potential identifying information must be redacted or obscured using similar means. If any disclosed materials are later determined to disclose personal identifying information, the party making this determination must **immediately notify the court** in a written notice filed on the docket of this action. Anyone who has received that material must immediately return, destroy or delete the materials in question and file a written certification of compliance on the docket of this action.

The court imposes the following additional limitations on any materials produced in compliance with this order:

- The materials may be used only in connection with the preparation or litigation of a motion challenging this District's grand jury selection procedures. The materials may not be used in connection with any other case. Nor may they be used for jury selection, at trial or for any other purpose in this case.

- The materials may be used only by counsel or standby counsel, their legal staff and their retained experts. Defendants shall not review or possess the materials at any time without the court's prior approval on a detailed showing of good cause. Nor may the materials be carried into or reviewed in any detention facility or the permanent or temporary residence or business of any defendant without this court's prior approval on a detailed showing of good cause.

- Under 28 U.S.C. § 1867(f), the materials may not be disclosed, shown or distributed in any manner to any third party. "Any person who discloses the contents of any record or paper in violation of" § 1867(f), and, by extension, of this order, "may be fined not more than $1,000 or imprisoned not more than one year, or both." *Id*. Violations of this order may also result in sanctions or a finding of contempt.

- Any attorney who accesses the materials is personally responsible not only for personally complying with this order, but also for the attorney's client's compliance with this order and for compliance by any expert, contractor or member of the attorney's staff.

- At the commencement of jury selection, all materials disclosed in response to this order either (a) must be returned to the court, or (b) all counsel, staff and experts must certify in a written notice filed on the docket of this action that the materials have been destroyed and no materials have been retained in any duplicative form.

This order resolves ECF No. 1125.

IT IS SO ORDERED.

DATED: September 6, 2024.

CHIEF UNITED STATES DISTRICT JUDGE