UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>JUSTIN GRAY,<br><br>            Defendant. | Case No. 1:20-CR-00238-JLT-SKO<br><br>ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS CELL PHONE DATA<br><br>(Doc. 1120) |

      Mr. Gray contends that because the affidavit was premised upon information from a confidential informant, whose reliability was not demonstrated, the search warrant lacked probable cause. The Court disagrees. Consequently, the motion to suppress the evidence obtained through the search warrant is **DENIED**.

**I.  BACKGROUND**

      On October 7, 2020, officers were dispatched to the scene of an apparent double homicide in Lomita, California involving Allan Roshanski and Ruslan Magaomedzhiev. (Doc. 1120-1 at 8) The officers found a cell phones on Roshanski's body and in his car, which Roshanski had driven to the scene. *Id*.

      The same night, officers spoke to a woman who was the friend of both victims. (Doc. 1120-1 at 9) The woman told police that four days before the murders, she traveled with Roshanski to Los Angeles, during which he made a telephone call to Magaomedzhiev. *Id*. She

1

1   heard Roshanski tell Magaomedzhiev that Roshanski needed Magaomedzhiev to "cover his

2   back." *Id*. Roshanski explained that to the woman that he had "received a phone call saying they

3   have his 'stuff,' and he was going to a 'trap house'[1] in Long Beach." *Id*. at 9. The woman

4   assumed Roshanski "was going to pick up his property that was stolen from him in August when

5   he went out of state to see his mother, but it wasn't confirmed by Victim Roshanski. She said he

6   appeared very nervous which is out of character for him." *Id*. The woman provided the cell

7   phones numbers for both victims and the officers were granted a search warrant for the call detail

8   reports from both. *Id*.

9       About a month after the murders, a confidential informant provided information to a

10  LAPD narcotics officer that recently, he/she had been "at a friend's apartment in Long Beach,

11  when he/she overheard Justin Grey talking to two unknown males about how he 'got those two

12  Russian guys' in Lomita. The informant said the motive for the murder was that Justin Gray was

13  going to be a made member of the Aryan Brotherhood if he killed the two victims. The informant

14  provided a phone number of (424) 703-0437, as associated to Justin Gray." (Doc. 1120-1 at 9)

15      Officers confirmed that Justin Gray was the subscriber for the phone number provided by

16  the informant. They reviewed Justin Gray's criminal records and found that he had provided a

17  different phone number to his probation officer (424-224-1216) and that the probation officer

18  used this number to contact Justin Gray. (Doc. 1102-1 at 9) The officers then reviewed

19  Roshanski's call records and found that Roshanski called Justin Gray's phone—the number

20  provided to the probation officer—three times within the hour of the murders. *Id*. The officers

21  sought a search warrant for both of the phones associated with Justin Gray to determine how long

22  Roshanski had been in contact with Justin Gray and to determine the location of Gray's phones at

23  the time of the murders. *Id*. The court issued the warrant. *Id*. at 2-6.

24  **II.**    **Analysis**

25      The Fourth Amendment states, "(t)he right of the people to be secure in their persons,

26  houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."

27

28  [1] The government reports that a "trap house" is a location used to "make, sell or consume drugs." (Doc. 1196 at 6, fn. 2)

2

1   U.S. Const. amend. IV. A "search" occurs for purposes of the Fourth Amendment if the police
2   seek information by intruding on a person's reasonable expectation of privacy or by means of
3   trespassing upon one's person, house, papers, or effects. *Florida v. Jardines*, 569 U.S. 1, 5
4   (2013). "A magistrate judge's finding of probable cause is entitled to great deference and this
5   court will not find a search warrant invalid if the magistrate judge had a "substantial basis" for
6   concluding that the supporting affidavit established probable cause. *Id*. at 1351. A magistrate
7   judge may issue a search warrant if, under the totality of the circumstances, there is a fair
8   probability that contraband or evidence of a crime will be found in a particular location." *Illinois*
9   *v. Gates*, 462 U.S. 213, 238 (1983).

10   Mr. Gray argues that because the affidavit for the search warrant failed to provide any
11   information for the court to determine whether the confidential informant was reliable, the search
12   warrant fails for lack of probable cause. Courts agree that an uncorroborated anonymous tip is
13   insufficient to establish probable cause. *Illinois*, at 239.

14   In this case, the informant was not anonymous, and the information provided was
15   corroborated. The informant said they heard Justin Gray boast about the murders and why he
16   committed them. Doc. 1120-1 at 9. The informant provided a telephone number for Gray, which
17   police officers confirmed was subscribed to Justin Gray. *Id*. The officers conducted further
18   investigation and determined that Justin Gray was on probation and had provided a different
19   phone number to his probation officer. *Id*. When they reviewed the call records for Roshanski and
20   compared it to the phone number Gray provided to his probation officer, they found that
21   Roshanski called Justin Gray three times in the hour preceding the murders. *Id*. All of this
22   constitutes corroboration of the informant's "tip." *United States v. Angulo-Lopez*, 791 F.2d 1394,
23   1397 (9th Cir. 1986) ["[A]n informant's reliability may be demonstrated through independent
24   police corroboration of the information provided."].

25   Mr. Gray argues that the informant did not provide the information directly to the affiant,
26   Officer Aguilera, but instead told Officer Makari, who provided the information to Aguilera. The
27   Court agrees that this constitutes layers of hearsay. However, an affiant is allowed to rely upon
28   information discovered by other officers, who are presumed to be reliable. *United States v.*

*Ventresca*, 380 U.S. 102, 111 (1965). Even still, the affidavit does not rest only on the information from the informant. Rather, it only explains why Aguilera began to investigate Mr. Gray's involvement in the murders and the steps he took afterward. Because the information from the informant's was corroborated, insofar as the affidavit relied on it, this argument fails. *United States v. Alexander*, 35 F.3d 572 (9th Cir. 1994).

Even if the affidavit did not include any of the information from the informant, there would be sufficient probable cause to obtain the warrant. The evidence from the female, who described Roshanski's demeanor, the fact that he wanted "back-up" to attend the meeting and the fact that Roshanski called Gray three times in the hour before he was murders, is enough to justify the finding of probable cause.

Because the Court finds there was probable cause to support the search warrant for the cell phone data, the motion to suppress (Doc. 1120) is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 19, 2024**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_Jennifer L. Thurston_
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

4