1  JAMES S. THOMSON
   California SBN 79658
2  Attorney and Counselor at Law
   732 Addison Street, Suite A
3  Berkeley, California 94710
   Telephone: (510) 525-9123
4  Facsimile:  (510) 525-9124
   Email: james@ycbtal.net
5
   TIMOTHY J. FOLEY
6  California SBN 111558
   Attorney at Law
7  1017 L Street, Number 348
   Sacramento, California 95814
8  Telephone: (916) 599-3501
   Email: tfoley9@earthlink.net
9
   Attorneys for Defendant
10 JUSTIN GRAY

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE EASTERN DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,        )  **Case No. 1:20-cr-00238-JLT-SKO**
                                    )
14      Plaintiff,                  )  **JUSTIN GRAY'S MOTION FOR**
                                    )  **RELEASE, INSPECTION, AND**
15 vs.                              )  **COPYING OF JURY SELECTION**
                                    )  **RECORDS**
16                                  )
   JUSTIN GRAY, et al               )  Date: TBD
17                                  )  Time: TBD
        Defendants.                 )
18 _____  )

19 TO THIS HONORABLE COURT AND ASSISTANT UNITED STATES ATTORNEYS

20 STEPHANIE STOKMAN, JAMES CONOLLY, AND JARED ENGELKING:

21      Please Take Notice That at a date, time and place TBD, pursuant to the Juror

22 Management Plan of the United States District Court for the Eastern District of

23 California, sections 6.02 and 6.04, Justin Gray, through his appointed counsel, will move

24 and hereby does move for an order from the Chief Judge of the Eastern District of

25 California to allow release, copying and inspection of jury selection records as set forth

26 below.

27      This motion is based upon the Fifth and Sixth Amendments to the Constitution,

28 the Jury Selection and Service Act, 298 U.S.C. § 1861 et. seq., the Juror Management

Justin Gray's Motion for Jury Selection Records

1

1   Plan for the United States District Court for the Eastern District of California, and the

2   public right of access to court records. The motion is further based on the accompanying

3   Memorandum in Support of Justin Gray's Motion for Release, Inspection and Copying of

4   Jury Selection Records, the pleadings and file in this matter, and such other authorities

5   and evidence as may be presented in any reply or supplemental briefing or at any hearing

6   on this motion.

7

8   Dated: June 11, 2025                              Respectfully submitted,

9                                                     */s/ James S. Thomson*

10                                                    */s/ Timothy J. Foley*

11                                                    JAMES S. THOMSON
                                                      TIMOTHY J. FOLEY
12                                                    Attorneys for JUSTIN GRAY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Justin Gray's Motion for Jury Selection Records

**MEMORANDUM IN SUPPORT OF JUSTIN GRAY'S MOTION FOR RELEASE INSPECTION AND COPYING OF JURY SELECTION RECORDS**

## I.    INTRODUCTION, BACKGROUND, AND PREVIOUS MOTION

The Third Superseding Indictment charges Justin Gray with two counts of Murder in Aid of Racketeering under 18 U.S.C. § 1959(a)(1), Count Two and Count Three.  Doc # 1098, at 14-15.  On October 29, 2024, Mr. Gray's case was ordered severed from the other co-defendants.  Doc. # 1340.  Three co-defendants went to trial in January and February.  Trial for Mr. Gray has been set to begin on January 27, 2026.  Doc. # 1918.

The most recent Jury Management Plan for the Eastern District of California was adopted by the Court on March 26, 2024.  General Order No. 678 (2024).  Pursuant to sections 6.02 and 6.04 of that plan, applications for disclosure of juror management records "must be made by motion . . . to the Chief Judge, and must show exceptional and compelling circumstances why disclosure should be allowed."  See *United States v. Yandell*, 2023 WL 2918803 (E.D. Cal., April 12, 2023); *United States v. Holmes*, 2020 WL 5408163 (N.D. Cal., Sept. 9, 2020).

The Jury Plan divides the Eastern District into two divisions, the Sacramento Division and the Fresno Division.  Jury Plan, Section 1.07.  One notable recent change in this Court's jury management and selection procedures is the shifting of two counties, Calaveras County and Stanislaus County, from the Fresno Division to the Sacramento Division.  L.R. 120; General Order 666.

In 2024, Mr. Gray filed a Motion for Release, Inspection, and Copying of Grand Jury Selection Records, Doc. # 1125, requesting records relating to the selection of the grand jurors who returned the indictment.  By order filed on September 9, 2024, the Chief Judge granted the motion with some modifications and explanations.  Doc. # 1290.  That order contained provisions for the protection of the grand jury material produced.  Doc. # 1290, at 10–11.

This motion requests jury selection information relevant to the selection of the petit jury for the trial set for January, 2026.

Justin Gray's Motion for Jury Selection Records

1    **II.    LEGAL STANDARDS**

2    The Sixth Amendment guarantees a criminal defendant an impartial jury selected

3    from a representative cross section of the community.  *Taylor v. Louisiana*, 419 U.S. 522,

4    528 (1975); *Berghuis v. Smith*, 559 U.S. 314, 319 (2010).  The fair cross section

5    requirement does not guarantee that the jury itself be "of any particular composition," but

6    only "that 'the jury wheels, pools of names, panels, or venires from which juries are

7    drawn must not systematically exclude distinctive groups in the community and thereby

8    fail to be reasonably representative thereof.'"  *United States v. Weaver*, 267 F.3d 231, 236

9    (3d Cir. 2001) (quoting *Taylor,* 419 U.S. at 538).

10    The Jury Selection and Service Act (JSSA), 298 U.S.C. § 1861 et. seq.,

11    implements this constitutional requirement, declaring that "[i]t is the policy of the United

12    States that all litigants in Federal courts entitled to trial by jury shall have the right to

13    grand and petit juries selected at random from a fair cross section of the community in the

14    district or division wherein the court convenes."  28 U.S.C. § 1861; see Order, Doc. #

15    1290, at 2.  The JSSA further "prescribes a variety of procedures to guide districts in

16    compiling qualified jury pools."  *United States v. Hernandez-Estrada*, 749 F.3d 1154,

17    1167 (9th Cir. 2014).

18    A defendant "may move to dismiss the indictment or stay the proceedings against

19    him on the ground of substantial failure to comply with the provisions of [the JSSA] in

20    selecting the grand or petit jury."  28 U.S.C. § 1867(a).  In order to bring such a motion,

21    the defendant is entitled to disclosure of "[t]he contents of records or papers used by the

22    jury commission or clerk in connection with the jury selection process."  28 U.S.C. §

23    1867(f).  This entitlement is "essentially an unqualified right."  *Test v. United States*, 420

24    U.S. 28, 30 (1975).  As this Court explained in the previous order relating to grand jury

25    selection records:

26    Defendants need not prove, for example, their planned motion is likely to
       succeed as a prerequisite to inspecting court records. *United States v. Diaz*,
27    236 F.R.D. 470, 477 (N.D. Cal. 2006) (citing *United States v. Beaty*, 465
       F.2d 1376, 1380 (9th Cir. 1972)).  But a defendant's rights are "not
28    limitless."  Id. at 482. Court records may be disclosed only "as may be

Justin Gray's Motion for Jury Selection Records

1   necessary in the preparation or presentation of a motion" to dismiss or stay.
2   28 U.S.C. § 1867(f).  In the Eastern District of California, motions to
    release juror records and requests to inspect jury wheel records must be
3   made to the Chief Judge.  See General Order 680, Juror Management Plan
    §§ 6.02, 6.04.  Such motions "must show exceptional and compelling
4   circumstances why disclosure should be allowed." *Id.*

5   Doc. # 1290, at 2; see also *United States v. Holmes*, 2020 WL 5408163, at *2; *United*

6   *States v. McClellon*, 2023 WL 9002855, at *1 (W.D. Wash., Dec. 28, 2023).

7   **III.    REQUESTED JURY SELECTION RECORDS.**

8         The most recent refill of the master wheel for the Eastern District was on March

9   26, 2025.  It is anticipated that this will be the master wheel used to select the January

10  jury for Mr. Gray's trial.

11        The records requested below include updated documents previously released to

12  counsel in Judge Mueller's September 9, 2024 order.  Doc. # 1290.

13        Mr. Gray requests for jury selection records are as follows:

14        1.    **Administrative Forms**. Any and all AO-12 forms created that relate to the

15              2025 Master Jury Wheel and Qualified Jury Wheel used to summon trial

16              jurors. See 28 U.S.C. § 1863(a).

17        2.    **Data**. Any additional statistical or demographic analyses produced to ensure

18              that the Master Jury Wheel and Qualified Jury Wheel used to summon the

19              trial jurors in 2025 complied with the Jury Plan, the JSSA, and

20              constitutional requirements.  Jury Plan, Section 1.04.  See Doc. # 1290, at 5.

21        3.    **Purge Procedures**. Any existing materials containing descriptions of the

22              procedures used to purge duplicate records and any report or analysis of the

23              procedures in addition to those provided in Jury Plan Section 2.02.  See

24              Doc. 1290, at 5.

25        4.    **Calculation Procedures**. Any existing additional records pertaining to the

26              specific procedures followed, as set forth in Section 2.02 and 2.03 of the

27              Jury Plan, and the record of calculations performed as described in Section

28              4.06 of the Jury Plan.  See Doc. # 1290, at 5.

Justin Gray's Motion for Jury Selection Records

5. **General Notice**. Any general notice or notices, issued in 2025, explaining the process by which names were randomly and periodically drawn from the wheel. Jury Plan, Sections 3.01 and 4.01. See Doc. # 1290, at 6.

6. **Procedures for Non-Responses**. The existing procedures implemented to address prospective jurors who do not respond to a juror qualification form or had their juror qualification form returned by the postal service as undeliverable. "If the Clerk's Office has a procedure, that procedure could potentially illustrate whether a particular group tends not to respond or not to have an accurate address, and that information could be necessary to support a motion under § 1861(a)." *United States v. Yandell*, 2023 WL 2918803, at *3; see Doc. # 1290, at 6.

7. **Information on Failure to Submit**. The number of persons who failed to return a juror qualification form either electronically or on paper as described in Sections 3.02 and 3.03 of the Jury Plan. "Data about trends like these could help an expert form opinions about systematic underrepresentation . . . ." *United States v. Yandell*, 2023 WL 2918803, at *4; see Doc. # 1290, at 6.

8. **Failure-to-Appear or Submit**. The juror numbers (not name or address) of persons summoned for either failure to submit a juror qualification questionnaire or for failure to appear, as described in Section 3.03 of the Jury Plan. *United States v. Yandell*, 2023 WL 2918803, at *4; see Doc. # 1290, at 7.

9. **Proportionality Calculations**. The calculation of the number of potential jurors from each jury division to ensure compliance with the numbers listed in Sections 2.02 and 2.03 of the Jury Plan. See Doc. # 1290, at 7.

10. **Master Jury Wheel Data**. The entire Master Jury Wheel source data in electronic, accessible (excel spreadsheet) form for the Master Jury Wheel used (or to be used) to summon the trial jurors called in 2025, as described

Justin Gray's Motion for Jury Selection Records

1      in Sections 2.01 and 2.02 of the Jury Plan.[1]  The data should include, as

2      available: Race, Gender, Ethnicity, Age, Year of Birth, Zip Code, County,

3      and Jury Division. The data shall not include any personal information that

4      could be used to identify any individuals, such as name or street address.

5      See Doc. # 1290, at 7.

6      11.   **Status Codes**. Status codes for potential jurors selected from the Master

7      Jury Wheel for qualification who either had their qualification form

8      returned by the postal service, did not respond, were disqualified, or

9      exempted from jury service, or qualified for jury service, as described in the

10     Jury Plan.  The data should include the following: juror number, whether

11     the form was returned undeliverable, whether the form was not returned,

12     reason for disqualification, qualification status, race, gender, Hispanic

13     ethnicity, birth year, zip code, city, county, and jury division.  The data shall

14     not include any personal information that could be used to identify any

15     individuals, such as name or street address.  *United States v. Yandell*, 2023

16     WL 2918803, at *4; see Doc. # 1290, at 8.

17     12.   **Sources of Data**. The original sources of data (voter registration and

18     Department of Motor Vehicle lists) in electronic form as described in

19     Section 2.01, limited to the 2025 calendar year.  The data should include, as

20     available, race, gender, Hispanic ethnicity, year of birth, zip code, city,

21     county, and jury division but not any personal information or information

22

23

_____

24     [1] Counsel for Mr. Gray notes that the previous order, Doc. # 1290, at 9, directed

25     the clerk to file the documents under seal on the docket of this action.  For the most part,
such a procedure works.  However, for Item 10, the data is requested in electronic excel

26     spreadsheet form and consequently not conducive to filing on the docket (reducing the

27     spreadsheet to pdf form so that it can be filed on the docket is both time-consuming and
unhelpful).  Counsel requests that this item be produced to the parties without the

28     necessity of filing.

Justin Gray's Motion for Jury Selection Records

1    that could be used to identify any individual such as name or address.  See

2    Doc. # 1290, at 6.

3  **IV.    PROPOSED BRIEFING SCHEDULE**

4    Counsel for Mr. Gray have conferred with the government and suggest the

5  following proposed briefing schedule regarding this motion:

6    Response by the government: July 9, 2025

7    Reply: July 16, 2025

8  **V.    CONCLUSION**

9    Counsel for Mr. Gray request that the Chief Judge of this court order the clerk's

10  office to allow access, release, and copying of the listed records.

11

12  Dated: June 11, 2025                                   Respectfully submitted,

13                                                                  */s/ James S. Thomson*

14                                                                  */s/ Timothy J. Foley*

15                                                                  JAMES J. THOMSON
                                                                     TIMOTHY J. FOLEY
16                                                                  Attorneys for JUSTIN GRAY

17

18

19

20

21

22

23

24

25

26

27

28

Justin Gray's Motion for Jury Selection Records