UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>       v.<br><br>JUSTIN GRAY,<br><br>                    Defendant. | No. 1:20-cr-00238-TLN-SKO<br><br>**ORDER** |

This matter is before the Court on Defendant Justin Gray's ("Defendant") Motion for Inspection and Copying of Jury Selection Records.  (ECF No. 1945.)  The Government filed an opposition.  (ECF No. 1959.)  Defendant filed a reply.  (ECF No. 1965.)  For the reasons set forth below, Defendant's motion is GRANTED in part and DENIED in part.

///

///

///

///

///

///

///

1

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Defendant, along with several co-defendants, is charged in a Third Superseding Indictment with two counts of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a). (ECF No. 1098 at 14–15.)  Defendant's case was severed from the other co-defendants (ECF No. 1340), three of whom went to trial in January and February.  Defendant's trial is set to begin on January 27, 2026.  (ECF No. 1918.)

In 2024, Defendant filed a motion for release, inspection, and copying of grand jury selection records, requesting records related to the selection of grand jurors who returned the indictment.  (ECF No. 1125.)  In an order filed on September 9, 2024, then-Chief Judge Kimberly J. Mueller granted the motion with some modifications and explanations, with provisions for the protection of the grand jury material produced.  (ECF No. 1290.)  On June 11, 2025, Defendant filed the instant motion seeking information relevant to the selecting of the petit jury for the trial set for January 2026.  (ECF No. 1945 at 3.)

## II.  STANDARD OF LAW

Under the Jury Selection and Service Act ("JSSA"), courts must create and follow a "written plan for random selection of grand and petit jurors" to ensure no juror is excluded from service on the basis of "race, color, religion, sex, national origin, or economic status."  28 U.S.C. §§ 1861, 1862.  At the time of the First, Second, and Third Superseding Indictments in this case, this district followed the plan outlined in General Order 646.  *See* General Order 646, Adoption of Amended Jury Selection Plan (adopted Mar. 7, 2022) ("GO 646").  Shortly after the Third Superseding Indictment, this district adopted the plan outlined in General Order 680.  *See* General Order 680, Adoption of Amended Jury Selection Plan (adopted July 12, 2024) ("GO 680").

Generally, "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed[.]"  28 U.S.C. § 1867(f). However, when seeking to dismiss an indictment or stay proceedings "on the ground of substantial failure to comply" with the JSSA, *see id.* § 1867(a), defendants may "inspect, reproduce, and copy" court records "in connection with the jury selection process" *id.* § 1867(f). While defendants have an "unqualified right" to these records, this right is not unlimited.  *United*

2

1  *States v. Gray*, No. 1:20-CR-00238-JLT-SKO, 2024 WL 4120231, at *1 (E.D. Cal. Sept. 9, 2024)
2  (citations omitted).  Such records may be disclosed "as may be necessary[.]"  28 U.S.C. §
3  1867(f).
4      In this district, motions to release juror records and requests to inspect jury wheel records
5  must be made to the Chief Judge.  GO 680.  These motions "must show exceptional and
6  compelling circumstances why disclosure should be allowed."  *Id.*
7      **III.**    **ANALYSIS**
8      Defendant requests updated documents previously released to counsel from Judge
9  Mueller's September 9, 2024 order.  (ECF No. 1945 at 5 (citing ECF No. 1290).)  Defendant
10 requests the Court direct the Clerk of the Court to permit access, release, and copying of twelve
11 different types of records.  (*See id.*)  The Government requests the Court grant parts of
12 Defendant's motion and deny others.  (ECF No. 1959 at 5–8.)  Defendant's requests are
13 reproduced verbatim and evaluated below.
14     1. **Administrative Forms**.  Any AO-12 forms created that relate to the 2025 Master Jury
15        Wheel and Qualified Jury Wheel used to summon trial jurors, as required by 28 U.S.C.
16        § 1863(a).
17     The Government does not object to this request completed for calendar year 2025.  (ECF
18 No. 1959 at 5.)  In reply, Defendant notes the Government's non-objection to forms relating to
19 the 2025 wheel.  (ECF No. 1965 at 1.)  In light of this and given this request seeks "records or
20 papers used by the clerk in connection with the jury selection process," 28 U.S.C. § 1867(f), the
21 Court GRANTS this request as to the AO-12 forms created for the 2025 calendar year.
22     2. **Data**.  Any additional statistical or demographic analyses produced to ensure that the
23        Master Jury Wheel and Qualified Jury Wheel used to summon the trial jurors in 2025
24        complied with the Jury Plan, Jury Selection and Service Act, and constitutional
25        requirements.  (Jury Plan § 1.04.)
26     The Government objects to this request, arguing § 1.04 of the Jury Plan does not require
27 the Clerk of the Court to prepare or rely on "statistical or demographic analyses" to summon trial
28 jurors.  (ECF No. 1959 at 5.)  The Government contends, therefore, this request is not proper

3

1  under the JSSA because it does not seek "records or papers used by the clerk in connection with
2  the jury selection process." (*Id.*) Further, the Government states that to the extent the Clerk of
3  the Court produces AO-12 forms, the data in those forms is responsive to this request. (*Id.* (citing
4  *United States v. Ciancia*, No. CR 13-902 PSG, 2015 WL 13798661, at *3–5 (C.D. Cal. Nov. 9,
5  2015) (denying request for any "other statistical report prepared with regards to the jury list
6  creation, jury selection, or jury management" as not being within the JSSA)).) In reply,
7  Defendant notes the objection is "groundless" because it does not ask the Clerk of the Court to
8  "prepare" documents but only disclose those that already exist and used in the selection process.
9  (ECF No. 1965 at 2.) Defendant further notes then-Chief Judge Mueller granted a similar request
10 in this case. (*Id.*)

11       As an initial matter, the Court notes the Government's citation to *Ciancia* is not directly
12 on point, as the court in that case denied the request for production of non-juror selection records
13 as moot, noting that such requests must be filed with the chief judge. 2015 WL 13798661, at *5.
14 However, as then-Chief Judge Mueller and other courts have found, if any statistical or
15 demographic analysis was in fact produced — even if it was not required — this information
16 could be relevant to Defendant's potential motion challenging selection methods. *See, e.g.*, *Gray*,
17 2024 WL 4120231, at *3 (finding the same); *United States v. Holmes*, No. 18-CR-00258-EJD-1,
18 2020 WL 5408163, at *6 (N.D. Cal. Sept. 9, 2020) ("Although it is not clear whether any such
19 reports have been produced, the Court agrees . . . [such reports] would be relevant to a fair cross
20 section claim under the JSSA or the Sixth Amendment."). Accordingly, the Court GRANTS this
21 request.

22       3. **Purge Procedures**. Any existing materials containing descriptions of the procedures
23          used to purge duplicate records and any report or analysis of the procedures, as
24          described in Jury Plan § 2.02.

25       The Government objects to this request, arguing § 2.02 explains the Clerk of the Court
26 "shall" merge lists of potential jurors from voting and DMV records and purge any duplicate
27 entries. (ECF No. 1959 at 5.) The Government contends the JSSA does not authorize
28 interrogatories to be propounded to the Clerk of the Court and Defendant's request goes well

4

1 beyond the JSSA-authorized "contents of records or papers used by the clerk in connection with
2 the jury selection process." (*Id.*)  The Government argues the request demands the Clerk of the
3 Court prepare a declaration providing a "description of the procedures used to purge duplicate
4 records" and product of "and any report or analysis of the procedures" about purging duplicate
5 records. (*Id.*)  In reply, Defendant argues the objection is "meritless" because the request is for
6 "existing materials." (ECF No. 1965 at 2.)  Defendant maintains it would be reasonable for Clerk
7 staff to conduct any purging pursuant to a description of the purging procedure and a similar
8 request was granted previously in this case. (*Id.*)

9   As Defendant seeks only the production of existing materials and then-Chief Judge
10 Mueller granted a substantially similar request, the Court GRANTS this request.  *See Gray*, 2024
11 WL 4120231, at *3 (granting similar request for purge procedures).

12   4. **Calculation Procedures**.  Any existing additional records pertaining to the "specific
13    procedures" followed, as set forth in §§ 2.02 and 2.03 of the Jury Plan, and the record
14    of calculations performed as described in § 4.06 of the Jury Plan.

15   The Government objects to this request, arguing the request goes beyond the JSSA-
16 authorized "contents of records or papers used by the clerk in connection with the jury selection
17 process" and requires the Clerk of the Court to prepare a declaration or responsive pleading
18 providing "specific and detailed procedures" followed by the Clerk of the Court when the
19 procedures are already set forth in Defendant's cited sections. (ECF No. 1959 at 5.)  According
20 to the Government, nothing in the JSSA permits Defendant to propound interrogatories to the
21 Clerk of the Court in an effort to generate evidence in order to help him determine whether to
22 pursue a challenge under the statute. (*Id.*)  In reply, Defendant argues the Government's
23 objection is based on an incorrect assumption that the disclosure of existing records triggers a
24 duty to prepare a declaration or answer interrogatories. (ECF No. 1965 at 2–3.)  Defendant notes
25 the request is for "existing" records and a similar request was granted previously in this case. (*Id.*
26 at 3.)

27   As Defendant seeks only the production of existing materials and then-Chief Judge
28 Mueller granted a substantially similar request, the Court GRANTS this request.  *See Gray*, 2024

WL 4120231, at *3 (granting similar request for purge procedures).

      5. **General Notice**. Any general notice or notices, issued in 2025, explaining the process by which names were randomly and periodically drawn from the wheel. (Jury Plan §§ 3.01, 4.01.)

The Government does not object to this request. (ECF No. 1959 at 6.) Accordingly, the Court GRANTS this request for the calendar year 2025.

      6. **Procedures for Non-Responses**. The procedures implemented to address prospective grand jurors who do not respond to a juror qualification form or had their juror qualification form returned by the postal service as undeliverable.

The Government objects to this request, arguing it goes beyond the JSSA-authorized "contents of records or papers used by the clerk in connection with the jury selection process" and demands the Clerk of the Court prepare a response providing details about "procedures implemented to address prospective grand jurors who did not respond to a juror qualification form" or forms returned as undeliverable. (ECF No. 1959 at 6.) Relying on *United States v. Santos*, 588 F.2d 1300, 1303 (9th Cir. 1979), and *United States v. Diaz*, 236 F.R.D. 470, 483 (N.D. Cal. 2006), the Government contends the Ninth Circuit has previously held the Clerk of the Court's failure to follow up on unreturned questionnaires would not be a "substantial failure" to comply with the JSSA. (*Id.*) In reply, Defendant notes this request is directed at existing documented procedures. (ECF No. 1965 at 3.)

      As this Court and other courts have found, if the Clerk's office has a procedure, such a procedure could shed light on "whether a particular group tends not to respond or not to have an accurate address, and that information could be necessary to support" a motion under the JSSA. *See United States v. Leiva-Leiva*, No. 1:22-CR-00232-BLW-BAM-1, 2025 WL 1517962, at *3 (E.D. Cal. May 28, 2025); *Yandell*, 2023 WL 2918803, at *3 (citing *United States v. Cloud*, No. 1:19-CR-02032-SMJ-01, 2020 WL 4381608, at *3 (E.D. Wash. July 27, 2020)). Accordingly, the Court GRANTS this request.

      7. **Information on Failure-to-Submit**. The number of persons who failed to return a juror qualification form either electronically or on paper as described in §§ 3.02 and

3.03 of the Jury Plan.

The Government objects to this request, arguing this information is irrelevant to the question of whether there was a substantial failure to draw a jury in 2025 from a fair cross section of the community. (ECF No. 1959 at 6.) According to the Government, if individuals failed to return a juror qualification form, such a failure is outside of the Court's control and does not provide a basis to challenge the grand juror selection process. (*Id.*) In reply, Defendant notes then-Chief Judge Mueller previously granted a similar request in this case and the court in *Yandell* granted an identical request. (ECF No. 1965 at 3.)

The Court disagrees with the Government and finds the number of persons who failed to return a juror qualification form could provide certain trend data that could lead to an expert opinion about systematic underrepresentation, which would be necessary information to support a motion under the JSSA. *Gray*, 2024 WL 4120231, at *4; *Yandell*, 2023 WL 2918803, at *4 (citing *Cloud*, 2020 WL 4381608, at *3). Accordingly, the Court GRANTS this request.

8. **Failure-to-Appear or Submit**. The juror numbers (not name or address) of persons summoned for either failure to submit a juror qualification questionnaire or for failure to appear, as described in § 3.03 of the Jury Plan.

The Government objects to the request, arguing "the identities and reasons for excusal of persons excused as jurors is not necessary to support a claim for substantial failure to maintain a representative jury composition." (ECF No. 1959 at 6 (quoting *United States v. Cerna*, No. CR 08-0730 WHA, 2009 WL 2998930, at *5 (N.D. Cal. Sept. 16, 2009)); *Diaz*, 236 F.R.D. at 483).) The Government contends the reasons for excusal do not support a challenge under the JSSA, because a proper challenge focuses on the pool from which a jury was drawn and whether it represents a "fair cross section" of the community — not the people who failed to appear. (*Id.*) Additionally, the Government notes again the Ninth Circuit has held the Clerk of the Court's failure to follow up on unreturned questionnaires would not be a "substantial failure" to comply with the JSSA. (*Id.* (citing *Santos*, 588 F.2d at 1303).) In reply, Defendant maintains the non-responders and the Clerk of the Court's reaction to the non-responders could have an important impact on jury pool formation, especially if a pattern or trend of non-responders exists. (ECF No.

1  1965 at 3–4.) Defendant notes then-Chief Judge Mueller granted this request previously and the

2  *Yandell* court granted a similar request. (*Id.* at 4.)

3        For similar reasons discussed above, the Court disagrees with the Government and

4  GRANTS the request. *See Gray*, 2024 WL 4120231, at *4 (granting identical request); *Yandell*,

5  2023 WL 2918803, at *4 (granting request regarding failure-to-appear or submit because such

6  information could help an expert investigate any nonresponse trends).

7        9. **Proportionality Calculation**. The calculation of the number of potential jurors from

8          each jury division to ensure compliance the numbers listed in §§ 2.02, 2.03, and 4.06

9          of the Jury Plan.

10       The Government does not object to the calculation request for the number of potential

11 jurors for the Fresno Division for calendar year 2025. (ECF No. 1959 at 6.) In reply, Defendant

12 notes it accepts the Government's limitation that the request be limited to the Fresno Division in

13 2025. (ECF No. 1965 at 4.) Accordingly, the Court GRANTS in part Defendant's request,

14 limited only to the calculation of the number of potential jurors from the Fresno Division.

15       10. **Master Jury Wheel Data**. The entire Master Jury Wheel source data in electronic,

16         accessible (excel spreadsheet) form for the Master Jury Wheel used (or to be used) to

17         summon the trial jurors called in 2025, as described in §§ 2.01 and 2.02 of the Jury

18         Plan. The data should include, as available, Race, Gender, Ethnicity, Age, Year of

19         Birth, Zip Code, County, Jury Division. The data shall not include any personal

20         information that could be used to identify any individuals, such as name or street

21         address.

22       Defendant's counsel notes that then-Chief Judge Mueller's previous order directed the

23 Clerk of the Court to file documents under seal on the docket of this action. (ECF No. 1945 at 7

24 n.1.) Defendant's counsel notes that for the most part this procedure works, but for item 10, the

25 data is requested in electronic excel spreadsheet form and consequently is not conducive to filing

26 on the docket. (*Id.*) Defendant's counsel therefore requests the item be produced to the parties

27 without the necessity of filing. (*Id.*) The Government does not object to this request. (ECF No.

28 1959 at 7.) The Government agrees that any data produced in response to this request should

1    exclude information that could be used to identify specific individuals, such as name, address, or
2    occupation. (*Id.*) The Government notes that if exclusion of such identifying data is impossible,
3    the material should be offered for viewing in the Clerk's office only. (*Id.*) Regarding defendant's
4    counsel's request to produce data in native form, the Government requests such production to be
5    produced either for viewing in the Clerk's office only or subject to a protective order. (*Id.*) In
6    reply, Defendant contends that in light of the need to share this data with an expert witness, the
7    limitation to produce the data to be viewed only in the Clerk's office is impractical. (ECF No.
8    1965 at 4.) Therefore, Defendant does not object to an appropriate protective order. (*Id.*)

9    Because the Government does not object to this request and because then-Chief Judge
10   Mueller granted this request previously, the Court GRANTS the request subject to an appropriate
11   protective order. *See Gray*, 2024 WL 4120231, at *4–5 (granting substantially similar request);
12   *see also Yandell*, 2023 WL 2918803, at *4 (holding similarly).

13       11. **Status Codes**. Status codes for potential jurors selected from the Master Jury Wheel
14           for qualification who either had their qualification form returned by the postal service,
15           did not respond, were disqualified or exempted from jury service, or qualified for jury
16           service, as described in the Jury Plan. The data should include the following: juror
17           number, whether the form was returned undeliverable, whether the form was not
18           returned, reason for disqualification, qualification status, race, gender, Hispanic
19           ethnicity, birth year, zip code, city, county, and jury division. The data shall not
20           include any personal information that could be used to identify any individuals, such
21           as name and or street address.

22   The Government objects to the request for status codes for potential jurors selected from
23   the Master Jury Wheel for qualification who either had their qualification form returned by the
24   postal service, did not respond, were disqualified or exempted from jury service, or qualified for
25   jury service. (ECF No. 1959 at 7.) According to the Government, "whether a potential juror was
26   not qualified, did not receive the summons, did not respond to the summons, was disqualified
27   from jury service, or was exempted from jury service has no bearing on the representation of the
28   pool from which the jury may be drawn." (*Id.*) In reply, Defendant notes the court in *Yandell*

9

1  recognized this information is potentially relevant to the analysis of systemic factors and will help
2  verify the information received in response to other requests. (ECF No. 1965 at 4.) Defendant
3  further notes then-Chief Judge Mueller granted a similar request previously. (*Id.*)

4  For similar reasons set forth above, the Court finds then-Chief Judge Mueller previously
5  granted a substantially similar request and this information could be used to cross-check
6  responses to other requests and thereby inform a motion under the JSSA. *See Gray*, 2024 WL
7  4120231, at *5 (granting substantially similar request); *Yandell*, 2023 WL 2918803, at *5 (same).
8  Accordingly, the Court GRANTS the request.

9  12. **Sources of Data**. The original sources of data (voter registration and Department of
10     Motor Vehicle lists) in electronic form as described in § 2.01, limited to the 2025
11     calendar year. The data should include, as available, race, gender, Hispanic ethnicity,
12     year of birth, zip code, city, county, and jury division but not any personal information
13     or information that could be used to identify any individual such as name or address.

14  The Government does not object to the request for records regarding source data nor the
15  request for summons dates. (ECF No. 1959 at 8.) With respect to Defendant's request to produce
16  data in native form, the Government requests such production be available for viewing in the
17  Clerk's office only or subject to a protective order. (*Id.*) In reply, Defendant concurs with the
18  Government that juror and prospective juror personal information should not be disclosed if
19  possible but notes a massive redaction may be impractical. (ECF No. 1965 at 4.) Defendant also
20  notes he does not object to an appropriate protective order. (*Id.*)

21  The Court GRANTS this request subject to an appropriate protective order. *See also*
22  *Gray*, 2024 WL 4120231, at *5 (granting substantially similar request); *Yandell*, 2023 WL
23  2918803, at *4 (same).

24  **IV.   CONCLUSION**

25  For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's
26  motion (ECF No. 1945) as described above. The Clerk of the Court is directed to file under seal
27  on the docket of this action any materials responsive to the requests granted in this Order. The
28  materials shall be accessible only to the following CM/ECF users:

- Counsel for Defendant Justin Gray: James S. Thomson and Timothy J. Foley; and
- Counsel for United States: Stephanie M. Stokman.

No part of this Order requires any Court's staff member to prepare or create any records of documents. This Order also does not provide for the production of any personal identifying information. This includes, but is not limited to names, social security numbers, telephone numbers, or full birth dates. No such personal identifying information may be disclosed. If any materials disclosed in response to this Order could identify a particular member of the jury pool, grand juror or potential grand juror, the potential identifying information must be redacted or obscured using similar means.

If any disclosed materials are later determined to disclose personal identifying information, the party making this determination must IMMEDIATELY NOTIFY THE COURT in a written notice filed on the docket of this action. Anyone who has received that material must immediately return, destroy, or delete the materials in question and file a written certification of compliance on the docket of this action.

Further, the Court imposes the following limitations on any materials produced in response to this Order:

- The materials produced may only be used in connection with the preparation or litigation of a motion challenging this District's grand jury selection procedures. The materials may not be used in connection with any other case. Nor may they be used for jury selection, at trial, or for any other purpose in this case.
- The materials may only be used by counsel or standby counsel, their legal staff, and their retained experts. Defendants shall not review or possess the materials at any time without the Court's prior approval on a detailed showing of good cause. Nor may the materials be carried into or reviewed in any detention facility or the permanent or temporary residence or business of any defendant without this Court's prior approval on a detailed showing of good cause.
- The materials may not be disclosed, shown, or distributed in any manner to any third party. 28 U.S.C. § 1867(f). "Any person who discloses the contents of any record or

11

paper in violation of" § 1867(f), and, by extension, of this Order, "may be fined not more than $1,000 or imprisoned not more than one year, or both." *Id.* Violations of this Order may also result in sanctions or a finding of contempt.

- Any attorney who accesses the materials is personally responsible not only for personally complying with this Order, but also for the attorney's client's compliance with this Order and for compliance by any expert, contractor, or member of the attorney's staff.

- At the commencement of jury selection, all materials disclosed in response to this Order either (a) must be returned to the Court, or (b) all counsel, staff and experts must certify in a written notice filed on the docket of this action that the materials have been destroyed and no materials have been retained in any duplicative form.

The parties are further ordered to file their stipulated protective order with the assigned magistrate judge within fourteen (14) days of the electronic filing date of this Order.

IT IS SO ORDERED.

Dated: July 21, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

12