JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

TIMOTHY J. FOLEY
California SBN 111558
Attorney at Law
1017 L Street, Number 348
Sacramento, California 95814
Telephone: (916) 599-3501
Email: tfoley9@earthlink.net

Attorneys for Defendant
JUSTIN GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>JUSTIN GRAY, et al<br><br>  Defendants.<br>_____ | **Case No. 1:20-cr-00238-JLT-SKO**<br><br>**JUSTIN GRAY'S MOTION TO STRIKE FORFEITURE ALLEGATION IN INDICTMENT**<br><br>Date: October 29, 2025<br>Time: 9:30 a.m.<br>Place: Courtroom 7; Hon. Sheila Oberto |

TO THIS HONORABLE COURT, ASSISTANT UNITED STATES ATTORNEYS

STEPHANIE STOKMAN AND JAMES R. CONOLLY, ALL DEFENDANTS AND

THEIR COUNSEL OF RECORD:

   Please take notice that on October 29, 2025 at 9:30 before the Honorable Sheila Oberto, in Courtroom 7, United States District Court, 2500 Tulare Street, Fresno, California 93751, Justin Gray, through his appointed counsel, will move and hereby does move for a order striking the forfeiture allegation against Mr. Gray on page 15 of the Fourth Superseding Indictment, Doc. # 1970.

This motion is brought pursuant to Rule 12 of the Federal Rules of Criminal Procedure.  This motion is based on the accompanying Memorandum in Support of Justin Gray's Motion to Strike Forfeiture Allegations in Indictment, the pleadings and file in this matter, and such other authorities and evidence as may be presented in any reply or supplemental briefing or at any hearing on this motion.

Counsel for the movant has consulted with the Assistant United States Attorney and requests the following briefing schedule for this motion:

Response by the government due: October 15, 2025.

Reply by counsel for Mr. Gray due: October 22, 2025.

DATED: September 22, 2025                     Respectfully submitted,

/s/ James S. Thomson

/s/ Timothy J. Foley

_____
JAMES S. THOMSON
TIMOTHY J. FOLEY
Attorneys for JUSTIN GRAY

Justin Gray's Motion to Strike Forfeiture Allegation

1 **MEMORANDUM IN SUPPORT OF JUSTIN GRAY'S**
2 **MOTION TO STRIKE FORFEITURE ALLEGATION**

3   The Fourth Superseding Indictment in this multi-defendant proceeding was filed
4 under seal on July 10, 2025, and unsealed on July 23, 2025.  Doc. ## 1970, 1986. Justin
5 Gray is charged in Count Two and Count Three with murder in aid of racketeering, 18
6 U.S.C. § 1959(a).  Both homicides occurred October 4, 2020, in the city of Lomita,
7 California.  Mr. Gray is not charged in any other count.  Importantly, Mr. Gray is not
8 charged in the RICO conspiracy count, Count One.  Doc. # 1970 at 5.[1]

9   Nonetheless, Mr. Gray's name is included in the forfeiture allegations at page 15,
10 citing 18 U.S.C. §§ 1963(a)(1), 1863(a)(2) and 1963(a)(3).  This forfeiture allegation is
11 improper on its face and should be stricken.

12   The RICO forfeiture statute, 18 U.S.C. § 1963, is applicable only to defendants
13 who are convicted of RICO conspiracy charges under 18 U.S.C. § 1962:

14 > "(a)Whoever violates any provision of section 1962 of this chapter shall be fined under this title or imprisoned not more than 20 years (or for life if the violation is
15 > based on a racketeering activity for which the maximum penalty includes life imprisonment), or both, and shall forfeit to the United States, irrespective of any
16 > provision of State law . . . [etc.]

17 See generally: *Russello v. United States,* 464 U.S. 16, 20-24 (1983) (section 1963 targets
18 interests acquired in violation of section 1962); *United States v. DeFries*, 129 F.3d 1293,
19 1313 (D.C.Cir. 1997)("The forfeiture provision requires that there be a causal link
20 between the property forfeited and the RICO violation"); *United States v. Marubeni*
21 *America Corp.*, 611 F.2d 763, 765 (9th Cir. 1980) (section 1963 provides a penalty for the
22 violation of section 1962).

---

[1] Of the remaining defendants, Mr. Gray is the only one not charged in the RICO conspiracy count (Count One), and this circumstance is a central reason why his trial has been separated from the other five defendants. See Doc. # 1340. The other counts in the indictment, Counts Four through Nine, concern various murder, conspiracy to murder, and kidnaping allegations involving various combinations of the other defendants. Mr. Gray is not involved in any of those counts.

Justin Gray's Motion to Strike Forfeiture Allegation

1   Further, the language of the forfeiture allegation in the indictment (Doc. # 1970,
2   page 15) itself states:

> Upon conviction of the offenses alleged in Count One [the RICO conspiracy count] of this Fourth Superseding Indictment, defendants Jayson Weaver, Waylon Pitchford, Evan Perkins, Justin Gray and Alexander Van Beusekom shall forfeit to the United Staes pursuant to Title 18, United States Code, Sections 1963(a)(1), 1963(a)(2), 1963(a)(3), any interest, security of . . . [etc.] which defendants obtained, directly or indirectly, from racketeering activity in violation of such offense. . .

Since Mr. Gray is not charged in Count One, he cannot be subject to the forfeiture of anything because he cannot be convicted "of the offenses alleged in Count One." He is not eligible for forfeiture under the actual language of the indictment. Nor, as noted, under the statutory language, can section 1963 be applied to someone who is not convicted of a violation of 18 U.S.C. § 1962.

Notably, Mr. Gray was not charged with any forfeiture allegation in the previous indictments in this case. See Third Superseding Indictment, Doc. # 1098 at 20-21; Second Superseding Indictment, Doc. # 685, at 22-23; Superseding Indictment, Doc. # 430 at 16-17.

The forfeiture allegation in the Fourth Superseding Indictment against Mr. Gray is improper, unsupported, and void on its face. It should be stricken.

Dated: September 22, 2025               Respectfully submitted,

                                        /s/ James S. Thomson

                                        /s/ Timothy J. Foley
                                        _____
                                        JAMES S. THOMSON
                                        TIMOTHY J. FOLEY
                                        Attorneys for JUSTIN GRAY

Justin Gray's Motion to Strike Forfeiture Allegation

4