# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KENNETH BASH, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cr-00238-JLT-SKO<br><br>**ORDER RE MOTION TO STRIKE FORFEITURE ALLEGATIONS IN INDICTMENT; SUPPLEMENTAL MOTION FOR DISCOVERY AND DISCLOSURE OF EVIDENCE; AND MOTION FOR DISCLOSURE OF EVIDENCE**<br><br>(Docs. 2016, 2017, 2022) |

Having reviewed the motions, opposition, and reply briefs, and for the reasons set forth on the record, the Court rules as follows:

**I.　Motion to Strike Forfeiture Allegations in Indictment (Doc. 2016)**

Defendant Justin Gray requests that this Court strike the forfeiture allegation against him. (Doc. 2016). The Government does not oppose this motion, and during the hearing, the Government stated it does not intend to proceed with the forfeiture allegation. This motion is GRANTED.

**II.　Supplemental Motion for Discovery and Disclosure of Evidence (Doc. 2017)**

Defendant Gray moves for the following discovery and disclosure of evidence: (1) "All documents, recordings, transcripts, photographs, video footage, and other items relating to the past criminal history of the victims of Counts Two and Three, Allan Roshanski and Ruslan Magomedgadzhiev" and (2) "All documents, recordings, transcripts, photographs, video footage, and other items relating to the Redondo Beach shooting and the prison stabbing admitted by prosecution witness and former co-defendant Brandon Bannick." (Doc. 2017). The Government

has opposed this motion. (Doc. 2021).

For the reasons set forth on the record, the motion is GRANTED IN PART as follows:

1. **Materials Possessed by the Los Angeles Sheriff's Department and Federal Agencies that are Related to the Two Victims**

   Defendant's motion is GRANTED as to records related to the victims' criminal history in actual or constructive possession, custody or control of the Government. This includes records from the initial investigating agency, Los Angeles Sherriff's Department ("LASD"), related to the homicide investigation of V1, Allan Roshanski, and V2, Ruslan Magomedgadzhiev, and shall be provided **by no later than November 12, 2025**.

2. **Materials Possessed by the LASD and Federal Agencies that are Related to the Criminal Activities of Mr. Bannick**

   This motion is GRANTED as to documents related to the murder of V1 to which co-Defendant Bannick admitted aiding and abetting, and shall be provided **by no later than November 12, 2025**.

   This motion is DENIED with respect to the murder of V11 and other shootings or stabbings by Mr. Bannick that are unrelated to this case.

3. **Regarding Jencks Act, *Giglio*, and *Brady* Material**

   The Government is reminded of its obligations, and SHALL PRODUCE any Jencks Act, *Giglio*, and *Brady* material in accordance with the Federal Rules of Criminal Procedure and the Court's Scheduling Order (Doc. 1286).

**III.     Motion for Disclosure of Evidence (Doc. 2022)**

Defendant Gray moves for an order compelling the disclosure of "recordings, photographs, video footage, and other items related to the doorbell Ring camera located at 2121 255th Street, Lomita, California, taken on October 4, 2020." (Doc. 2022). The Government has opposed this motion. (Doc. 2024).

The Government stated it requested but did not receive any Doorbell Ring Camera information for LASD and was told the information was not preserved.

Based on the Government's representation that it does not have actual or constructive possession of the requested material, the motion is DENIED.

IT IS SO ORDERED.

Dated: **October 30, 2025**          /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE