ERIC GRANT
United States Attorney
JAMES CONOLLY
Assistant United States Attorneys
AMANDA J. KOTULA
Trial Attorney, Criminal Division
Department of Justice
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00238- JLT |
| Plaintiff, | |
| v. | **STIPULATION AND ORDER REGULATING DISCOVERY** |
| JUSTIN GRAY (a.k.a. "Sidetrack"), | FED. R. CRIM. P. 16(d)(1) |
| Defendant. | |

Pursuant to Fed. R. Crim. P. 16(d), the undersigned parties set for trial on August 18, 2026, in *United States v. Bash, et al.*, Case No. 1:20-cr-238 JLT, the United States and defendant Justin Gray (the "Parties"), through their respective counsel, stipulate and agree, and respectfully request that the Court find and order the following:

1.   The United States possesses additional discovery material in this case, including recordings and transcripts of witness statements to be produced under Jencks and *Giglio*, as well as the government's witness list.  On or before the dates designated in the Court's Trial Scheduling Order (ECF No. 2035), the government will provide access to this material to the Defense Team (as defined in Section B, below) and the court-appointed Coordinating Discovery Attorney (Julie de Almeida)[1] who will provide the material

_____
[1] Ms. de Almeida is the Coordinating Discovery Attorney at the time of writing.  Should the Court appoint another Coordinating Discovery Attorney, either in place of, or in addition to, Ms. de Almeida, the obligations and procedures ordered under this Protective Order would remain in effect with respect to

STIPULATION AND [~~PROPOSED~~] ORDER
REGULATING DISCOVERY

1

noted herein to counsel for the defendant under this proposed order regulating discovery (the "Protective Order").  The government will provide Ms. de Almeida with a filed copy of this Protective Order once it is approved by the Court.  The material, containing "PM"-designated Bates numbers, and any subsequent material disclosed by the government to the court appointed Coordinating Discovery Attorney using the "PM"-designated Bates numbering or otherwise protected designation shall be referred to throughout this stipulation as the "Protected Material."  Disclosure of the Protected Material to the defendant may be required pursuant to the government's discovery obligations and, even if not required, will facilitate defendant's trial preparation.

2.  The Parties agree the purpose of this proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of the Protected Material.  The purpose of this Protective Order is also to establish the procedures that must be followed by the court-appointed Coordinating Discovery Attorney, defense counsel of record, any designated employees, and all other individuals who receive access to the Protected Material in connection with this case.

3.  Accordingly, the parties jointly request a Protective Order that will permit the United States to provide sensitive disclosures while assuring that this information will be protected from further dissemination.  The parties agree that the following conditions, if ordered by the Court in the proposed Protective Order, will serve the parties' interest in maintaining the safety of cooperating witnesses, while permitting the defendant to understand the United States' evidence against the defendant.

4.  This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and Local Rule 141.1.

<strong>PROPOSED PROTECTIVE ORDER</strong>

**A.**     **<u>Protected Materials</u>**

1.  This Order applies to all discovery provided or made available to the court appointed Coordinating Discovery Attorney containing "PM"-designated Bates numbers, and any subsequent material disclosed by the government to the court appointed Coordinating Discovery Attorney using the "PM"-designated Bates numbering.

---

that additional or subsequent Coordinating Discovery Attorney.

STIPULATION AND [~~PROPOSED~~] ORDER
REGULATING DISCOVERY

2

2. The Protected Material is now and will forever remain the property of the United States. The Protected Material is entrusted to the court appointed Coordinating Discovery Attorney and, by extension, counsel for the defendant only for purposes of representation of the defendant during trial in this case.

**B.    Defense Team**

1. For purposes of this Protective Order, the term "Defense Counsel" refers to defendant Justin Gray's counsel of record.

2. For purposes of this Protective Order, the term "Defense Team" refers to (1) the defendant's counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts (including, but not limited to, mitigation specialists and their staff), and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case.  The term "Defense Team" does not include the defendant, the defendant's family, or other associates of the defendant.

3. Defense Counsel must provide a copy of this Protective Order to all members of the Defense Team. Defense Counsel must obtain written acknowledgement from members of the Defense Team that they are bound by the terms and conditions of this Protective Order, before providing any Protected Materials to the members of the Defense Team. The written acknowledgement need not be disclosed or produced to the United States unless ordered by the Court.

**C.    Disclosure of Protected Materials**

1. The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials, including the defendant himself.  No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case.

2. Any person receiving access to the Protected Material from the Defense Team shall be bound by the same obligations as defense counsel and, further, may not give the Protected Material to anyone.  No members of defendant's family, friends of the defendant, or associates of the defendant, shall be given access to the Protective Material or its contents in any manner or form.

STIPULATION AND [~~PROPOSED~~] ORDER
REGULATING DISCOVERY

3

3. If digital or hard copies of the Protected Material are produced to the court appointed Coordinating Discovery Attorney, the Defense Team shall not make any copies, duplicates, or any recordings of the Protected Material for any individual not part of the Defense Team as described above and throughout this Order. If digital or hard copies of the Protected Material are produced to the court appointed Coordinating Discovery Attorney, the Defense Team may take written or typed notes summarizing the Protected Material and, if necessary to the litigation of the instant matter, may have the Protected Material transcribed.

4. The Defense Team shall maintain a list of persons to whom portions or copies of the Protected Material are being or have been given. Such persons shall be provided with a copy of this Stipulation and Protective Order and shall sign their full names to a copy of the Stipulation and agree to be bound by the Protective Order and indicate that they understand its terms and agree to them by signing.

5. The Defense Team may use any and all of the Protected Material in the defense of their client in the instant case in any manner deemed essential to adequately represent the client (i.e., in motions that are filed under seal, if necessary; in *ex-parte* applications as may be needed; and in reproducing and summarizing the Protected Material for use in trial preparation summaries, exhibits and as evidence, as may be needed), consistent with the Protective Order. In the event the Defense Team needs to use the Protected Material in a manner not authorized under the present Proposed Protective Order, counsel shall be entitled to seek to have the order amended by the Court after having given notice to counsel for the government in a hearing before the Court in order to meet the obligations under the Sixth Amendment to the United States Constitution.

6. The Defense Team is not authorized to discuss the contents of the Protected Material, or information derived from the Protected Material or investigation into the Protected Material, with the defendant (except as provided in the following sentence), the defendant's family members, the defendant's associates, or any other individual not part of the Defense Team as described above and throughout this Protective Order, or any individual who is not a source of the statement or recording at issue. Pursuant to the Court's previous scheduling order, 45 days before trial, the Defense Team is authorized to discuss the contents of the Protected Material with the defendant. ECF No. 2035. Despite this allowance to discuss the Protected Material with the defendant, the Defense Team are at all times prohibited from, in any way,

STIPULATION AND [~~PROPOSED~~] ORDER
REGULATING DISCOVERY

4

giving the defendant: any of the Protected Material itself; copies of the Protected Material; excerpts (or copies of excerpts) of the Protected Material; or summaries of the Protected Material.  The defendant may view the Protected Material when meeting with members of the Defense Team, but may not retain any copy, summary, or excerpt of the Protected Material or the Protected Material itself.

7.    This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and the Defense Team.

8.    Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the United States may take action to resist or comply with such demands as it may deem appropriate.

D.        **Ensuring Security of Protected Materials**

1.    The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care to ensure the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

2.    A copy of the Protective Order must be stored with the discovery, whether in paper form or electronic form.

3.    To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device.  Encryption keys must be stored securely and not written on the storage media that they unlock or otherwise stored in a manner in which they can be obviously connected to the Protected Material by persons not subject to this Protective Order.

4.    If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS - SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with

the above notation.

E.    **Filings**

1.    In the event that a party needs to file Protected Materials, or materials otherwise identified as containing confidential information of victims, witnesses, or third parties with the Court, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact identifying information about the person or persons disclosed in the Protected Material and make all reasonable attempts to limit the divulging of identities of persons disclosed in the Protected Material.

F.    **Conclusion of Prosecution**

1.    The provisions of this Protective Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order that are maintained in the Defense Team's files shall remain subject to the Protective Order unless and until the Court modifies the Protective Order.

2.    Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government or certify in writing that the Protected Materials have been destroyed.  If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

G.    **Termination or Substitution of Counsel**

1.    If there is a substitution of defense counsel before final disposition of the case, the new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in each of the paragraphs above.  All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

STIPULATION AND [~~PROPOSED~~] ORDER
REGULATING DISCOVERY

6

**H.    Modification of Order**

1.    Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

**I.    Violation of Order**

1.    Any person who willfully violates this Order may be held in contempt of court and may be subject to monetary of other sanctions as deemed appropriate by the Court. This provision does not expand or narrow the Court's contempt powers.

**J.    Application of Laws**

1.    Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

2.    Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules and applicable statutes.


IT IS SO STIPULATED

Respectfully Submitted,

Dated:  May 26, 2026                              ERIC GRANT
                                                  United States Attorney

                                                  /s/ JAMES CONOLLY
                                                  JAMES CONOLLY
                                                  Assistant United States Attorney
                                                  AMANDA J. KOTULA
                                                  Trial Attorney, Criminal Division
                                                  Department of Justice


Dated:  May 26, 2026                              /s/ TIMOTHY FOLEY
                                                  TIMOTHY FOLEY
                                                  JAMES S. THOMSON
                                                  Counsel for Defendant
                                                  JUSTIN GRAY

STIPULATION AND [~~PROPOSED~~] ORDER
REGULATING DISCOVERY

7

**ORDER**

The Court, having considered and adopted the Stipulation and Joint Request for Protective Order, incorporated by reference into this Order in full, hereby finds that GOOD CAUSE exists to grant and enter the above Order.

**IT IS SO FOUND.**

IT IS SO ORDERED.

Dated:   **May 29, 2026**

UNITED STATES DISTRICT JUDGE

STIPULATION AND [PROPOSED] ORDER
REGULATING DISCOVERY

8