JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

TIMOTHY J. FOLEY
California SBN 111558
Attorney at Law
1017 L Street, Number 348
Sacramento, California 95814
Telephone: (916) 599-3501
Email: tfoley9@earthlink.net

Attorneys for Defendant
JUSTIN GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Case No. 1:20-cr-00238-JLT-SKO** |
| Plaintiff, | ) ) | **JUSTIN GRAY'S MOTION TO EXCLUDE OTHER CRIMES EVIDENCE** |
| vs. | ) ) | |
| | ) | **(Trial Motion 2)** |
| JUSTIN GRAY, et al. | ) ) | |
| Defendants. | ) ) | Date: July 27, 2026 Time: 9:00 am |
| _____ | ) | Hon. Jennifer L. Thurston |

Justin Gray moves to exclude, suppress, and limit prejudicial other crimes evidence proffered by the government under Federal Rule of Evidence 404(b).  The admission of this evidence would constitute a violation of the rules of evidence and a violation of Mr. Gray's due process and fair trial rights under the Constitution.  This motion addresses the items presented by the government in its May 26, 2026 Notice of Intent to Introduce Evidence Potentially Under Rule 404(b) (404(b) Notice).

This motion is based upon the accompanying Memorandum in Support of Justin Gray's Motion to Exclude Other Crimes Evidence, the pleadings and file in this matter, and such other authorities and evidence as may be presented in any reply or supplemental briefing or at any hearing on this motion.

Dated: June 21, 2026

Respectfully submitted,

*/s/ James S. Thomson*

*/s/ Timothy J. Foley*

JAMES S. THOMSON
TIMOTHY J. FOLEY
Attorneys for JUSTIN GRAY

Justin Gray's Motion for Exclusion of Other Crimes Evidence

2

**MEMORANDUM IN SUPPORT OF JUSTIN GRAY'S MOTION TO EXCLUDE OTHER CRIMES EVIDENCE**

## I.    INTRODUCTION

The Fourth Superseding Indictment charges Justin Gray with two counts of Murder in Aid of Racketeering under 18 U.S.C. § 1959(a)(1), Count Two and Count Three.  Doc. No. 1970, at 11-12.  These counts concern a double shooting that occurred in Lomita, California, in October of 2020.[1]  He is not charged with any of the other seven counts of this multi-defendant, multi-count prosecution, and not charged in the RICO conspiracy count.

Despite the limited nature of the charges against Mr. Gray, the government has nonetheless given notice that it intends to introduce evidence of numerous other crimes, including crimes alleged in counts facially inapplicable to Mr. Gray, as either "direct evidence of the existence and nature of the enterprise" or other crimes evidence within the meaning of Rule 404(b).

This evidence has little, if any, probative value as to the case against Mr. Gray. What probative value might exist is substantially outweighed by the danger of unfair prejudice, confusion of the issues, undue consumption of time, and cumulative evidence. Consistent with principles of fundamental fairness and constitutional guarantees, the Court should exclude this evidence.

## II.    THE GOVERNMENT'S 404(b) NOTICE

The government's 404(b) Notice lists five categories of other crimes evidence. The introductory note is less than clear as to the government's theory (or theories) of admissibility, asserting that the government intends to introduce all this evidence in its case-in-chief, and that the "notice does not concede that any piece of evidence or episode is subject to the requirements of Rule 404(b)."  The government "reserves its right to

---

[1] Because the Court presided over the trial of three of the codefendants in 2025, and is consequently familiar with the circumstances of the Lomita homicides, counsel will not discuss the background in detail.

Justin Gray's Motion for Exclusion of Other Crimes Evidence

argue the admissibility of any noticed item as intrinsic to the charged criminal enterprise." 404(b) Notice, at 1. Apparently, the government wishes to argue (or at least reserve the right to argue) that these items are both admissible as evidence of the nature of the racketeering enterprise and admissible under Rule 404(b).

The items in the notice are:

**A.   Murders of Victim-11 and Victim-12**

These are the two shooting homicides of James Yagle and Ronald Ennis that occurred in Pomona in March of 2022. Codefendant Clement was charged and convicted of these murders in the 2025 trial. Another codefendant is charged with these murders in the current indictment (Count Five and Count Six), and they are also listed as a predicate act under the conspiracy charge (Count One, paragraph 20(m) of the Fourth Superseding Indictment). A former codefendant admitted to participating in these murders in his testimony at the 2025 trial, and has pled guilty to one of the two.

Mr. Gray was not involved in the Pomona homicides. He is not charged in Count Five or Count Six, nor the conspiracy count. They occurred over seventeen months after the Lomita shootings.

**B.   Kidnapping of Victim-18**

This kidnapping also occurred in March of 2022, seventeen months after the Lomita shootings. The episode is listed in the Fourth Superseding Indictment as a predicate act under Count One (Paragraph 20(l)), but not charged separately.

Mr. Gray was not involved with the 2022 kidnapping, and it occurred long after the charged Lomita homicides.

**C.   Unemployment Fraud**

The notice asserts that codefendant Clement was involved in unemployment fraud, including the defrauding of the State of California's Employment Development Department (EDD). Unemployment fraud is not charged in the indictment, against Mr. Gray or anyone else. This item is, however, pled as a predicate act under the Count One conspiracy charge (Paragraph 20(b)), which asserts that another codefendant was a

Justin Gray's Motion for Exclusion of Other Crimes Evidence

participant.  In addition, it seems that Alan Roshanski, the victim of Count Two, was involved in EDD fraud.

Mr. Gray was not involved with this alleged activity.

### D.    Drug Trafficking

The notice asserts that the government intends to introduce evidence of codefendant Clement's drug trafficking activities, and asserts that Mr. Clement ordered the killing of Mr. Roshanski, the victim of Count Two, "in part" because of his interference in Mr. Clement's drug trafficking.

Mr. Gray was not involved in this alleged activity.

### E.    Prison Assaults and Weapons Possession.

Of the items listed in the 404(b) Notice, only this one actually involves Mr. Gray. The government seeks to introduce two prison fights.  One occurred in 2020 and involved a number of inmates in a fracas on the yard at a state prison.  The government characterizes this incident as a battery.  The other occurred in 2018, also on the yard of a state prison, involving three inmates and weapons.  The government characterizes this incident as an attempted murder.

Mr. Gray was never charged or convicted of either of these purported criminal acts.  He was, however, submitted to the internal CDCR disciplinary process.

## III.    LEGAL PRINCIPLES

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  Evidence that is not relevant is not admissible.  Fed. R. Evid. 402. "Evidence which has no probative value with respect to any issue, including credibility, is not admissible and the trial judge has the function and duty to exclude such evidence from the consideration of the jury." *United States v. Higgins*, 362 F.2d 462, 464 (7th Cir. 1966), see *Walker v. United States*, 490 F.2d 683, 684 (8th Cir. 1974).  Prejudicial yet irrelevant evidence admitted against a person accused of a crime can constitute a violation of due process. *McKinney v. Rees*, 993 F.2d 1378,

Justin Gray's Motion for Exclusion of Other Crimes Evidence

5

1384-1385 (9th Cir. 1993).

Rule 403 requires exclusion of even relevant evidence if its probative value is "substantially outweighed" by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403; *see Old Chief v. United States*, 519 U.S. 172, 180-181 (1997); *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005).  "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir.1992); *Gonzalez-Flores*, 418 F.3d at 1098.

Rule 404(b) separately prohibits evidence of "any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  This rule permits such evidence only for non-propensity purposes --  motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, lack of accident --  and subject to Rule 403 balancing.  *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012). The Ninth Circuit applies a four-part test to this type of evidence: to be admissible, the prior act must (1) tend to prove a material point, (2) be not too remote in time, (3) be supported by sufficient evidence, and (4), in certain cases, be similar to the charged offense.  *Id.; United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994); *United States v. Garcia-Orozco*, 997 F.2d 1302, 1304 (9th Cir. 1993).  The government has the burden of proving that the evidence meets these requirements.  *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993); *United States v. Alfonso*, 759 F.2d 728, 739 (9th Cir.1985).

In situations where the government must show that a group is involved in "racketeering activity", the government may argue that acts of other participants in the enterprise are exempt from Rule 404(b).  Such evidence is still subject to the limits of Rule 403.  "The RICO statute has a tremendous potential for guilt by association. . . . When the government introduces every bad act of an enterprise, including those in which

Justin Gray's Motion for Exclusion of Other Crimes Evidence

6

the defendant does not participate, it magnifies the potential for imputing guilt to a defendant solely on the basis of the company he keeps and Fed.R.Evid. 403 is implicated." *United States v. Flynn*, 852 F.2d 1045, 1054 (8th Cir. 1988).  As noted in *Old Chief*, "[i]f an alternative were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if its discounted probative value were substantially outweighed by unfairly prejudicial risk" *Old Chief*, 519 U.S. at 182-83.

## IV.  THE EVIDENCE OF OTHER CRIMES COMMITTED BY OTHERS MUST BE LIMITED.

### A.  The 2022 Pomona Murders and the Related Kidnapping

As for the first two items on the 404(b) Notice, these items are manifestly inadmissible against Mr. Gray as they do not involve Mr. Gray and occurred seventeen months after the Lomita homicides.  As these criminal acts involve one of the government's main witnesses, however, they are admissible as impeachment evidence in assessing his motives, character, and credibility.[2]

In the 404(b) Notice, the government asserts various other theories that these two items are admissible to prove that the Aryan Brotherhood is a racketeering organization with a command structure.  However, whatever actions AB members were taking in March of 2022, such evidence has limited, if any, value when assessing whether the AB was a racketeering enterprise at an earlier point in time, and whether the October 2020 homicides were "in aid of" that "racketeering activity."

Mr. Gray requests a ruling that the evidence of the murders of victim-11 and victim-12 and the evidence of the kidnapping of victim-18 are inadmissible under Rule

---

[2] The 404(b) Notice, at 2, states: "In the case of [witness] . . . , he was present at both the murder of Victim-11 and Victim-12 (acting directly to kill Victim-12), and at the murder of Victim-1 and Victim-2. . . . This is evidence that [witness] . . . was aware of the AB enterprise, how it operated, and his place in it."

Justin Gray's Motion for Exclusion of Other Crimes Evidence

404(b) and the jury be instructed, both at the time of admission of this evidence and during final instructions, that this evidence is not to be used to assess Mr. Gray's guilt.

### B.    The EDD Fraud and the Drug Trafficking

Like the Pomona homicides and the related kidnapping, the EDD fraud and drug trafficking activities of Mr. Clement and his associates are not evidence of the guilt of Mr. Gray on the charged counts.  If anything, this evidence might have some remote connection to the supposed motivations of Mr. Clement, who has already been convicted of the Lomita murders and is no longer a codefendant.

Mr. Gray requests a ruling that the evidence of the EDD fraud and the drug trafficking are inadmissible under Rule 404(b) and the jury be instructed, both at the time of admission of this evidence and during final instructions, that this evidence is not to be used to assess Mr. Gray's guilt.

### V.    THE EVIDENCE OF THE PRISON ASSAULTS AND WEAPON POSSESSION MUST BE EXCLUDED AS IRRELEVANT AND EXTREMELY PREJUDICIAL.

As noted, the only items in the 404(b) notice that are alleged to actually involve Mr. Gray are the two prison yard altercations.  These other acts are inadmissible under a proper application of Rule 404(b) and, even if they weren't, are inadmissible under a proper application of Rule 403.  Admission of either of these incidents would not only contradict these rules of evidence, it would violate Mr. Gray's constitutional rights to a fair trial and due process.

### A.    The 2018 Attack at Calapatria State Prison.[3]

The government asserts that it should be allowed to introduce evidence of an incident that occurred on the prison yard at Calapatria State Prison on April 27, 2018

---

[3] The two prison yard altercations are described on page 7 of the 404(b) Notice but those descriptions do not name the state prisons involved.  The 2018 incident occurred at Calapatria State Prison; the 2020 incident occurred at Kern Valley State Prison. Neither incident resulted in a criminal prosecution.  The CDCR records concerning these two episodes are subject to a protective order.  Doc. No. 1389.

Justin Gray's Motion for Exclusion of Other Crimes Evidence

involving Mr. Gray and two other inmates.  According to the government's proffer, Mr. Gray and one inmate attacked another inmate with "improvised" sharp weapons.  The inmate victim sustained puncture wounds and had to be transported for treatment.  The internal CDCR review found Mr. Gray "guilty" of attempted murder and subject to discipline, though the matter was never prosecuted.

Under 404(b), this evidence is not admissible to prove character or to show action in conformity with that character. *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993).  Under Rule 404(b)(2), however, the evidence can be admitted if used to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Fed. R. Evid. 404(b)(2).  The test, as noted above, is a four-part test: the prior act must (1) tend to prove a material point, (2) be not too remote in time, (3) be supported by sufficient evidence, and (4), if offered to prove certain aspects, be similar to the charged offense. *United States v. Ruiz*, 163 F.4th 1140, 1147 (9th Cir. 2026)

The crux of the matter is the first part of this test: whether the evidence of a prison yard stabbing is somehow admissible and relevant to prove the elements of Count Two and Count Three, which involve two early morning shootings on the streets of Lomita that occurred more than two years later.  The proper application of Rules 404(b) and 403 should exclude this intensely and unfairly prejudicial evidence.  Nonetheless, the government scrambles to present several inadequate reasons for its admission.  The various arguments for the admission of this evidence set forth by the government in the 404(b) Notice constitute a blunderbuss approach, the government apparently hoping that mere quantity of assertion will disguise the lack of support for admissibility.

The government claims that this evidence will show Mr. Gray "was associated with members of the AB, because he committed attacks in the distinctive manner of members of the AB enterprise."  404(b) Notice, page 5.  This is nonsense on many levels.

First, Mr. Gray is not, and is not alleged to be, a member or an associate of the AB. The indictment sets forth which of the many codefendants in this case is a member or

Justin Gray's Motion for Exclusion of Other Crimes Evidence

9

associate of the AB and Mr. Gray is not on that list.  Doc. No. 1970, paragraph 3. Moreover, Mr. Gray's alleged association with the AB is not an element of the crime charged and is not in issue.

Second, it is simply fiction to assert that this (sadly) typical prison attack was somehow done in a "distinctive manner" of the AB.  There is nothing in the proffer to indicate the motive or background of the attack.  There is nothing in the proffer to connect the attack with the AB.  There is nothing in the proffer to show this was somehow ordered by some AB member.  And there is no signature element, nothing distinctive about the attack.

Third, the prison attack is manifestly dissimilar to the Lomita homicides.  The government asserts that this attack shows a "modus operandi" (404(b) Notice, page 3), but prior acts admitted to show modus operandi must have "a singular strong resemblance" to the charged crime to be relevant enough to avoid the Rule 404(b) exclusion.  *United States v. Moore*, 115 F.3d 1348, 1354 (7th Cir. 1997); see *Parker v. United States*, 400 F.2d 248, 252 (9the Cir. 1968).  The nature, manner, time of day, circumstances, weapon, number of victims are all completely different.  There are no distinct, identifiable similarities between the prison yard assault and the Lomita shootings.

The government maintains that "the fact that Gray committed two attacks. . . indicates that he was acting either under the direction of the AB or with its approval." 404(b) Notice, page 5.  The government is arguing that every prison yard assault, or at least those committed by a white inmate, is necessarily directed or approved by the AB. "The act of the attack itself," claims the government, is evidence that Mr. Gray "was involved in the AB enterprise."  Nothing is offered to support this absurd, overbroad assertion other than vague pronouncements that a gang expert will testify about "AB rules" that restrict the behavior of white inmates.  The government has no actual evidence that the assault was being directed by the AB, or that this attack was related to the AB.

The government also claims that the evidence will refute a defense of mistake. 404(b) Notice, page 6.  The government's point here is unclear, but the government seems

Justin Gray's Motion for Exclusion of Other Crimes Evidence

to be arguing that evidence of the use of an improvised shank somehow proves that a gun was chosen in the Lomita homicides because a gun is more lethal than a shank. The argument is meritless and illogical.

Finally, the government argues that the evidence of the prison assault will "show his [Mr. Gray's] involvement in a common scheme or plan to use violence to instill fear in other inmates in California prisons." Even if this were true, it doesn't matter. As noted, Mr. Gray is not alleged to be a member of the AB. As noted, he is not charged with the RICO conspiracy count. The charged crime occurred on the streets of Lomita, not in a California prison.

It is difficult to imagine a more manifestly inflammatory piece of evidence, guaranteed to appeal to jurors' bias and fear, than a presentation that an accused has previously committed an assault with a homemade weapon while in prison. The risk that the jury will ignore the relevant evidence, view this act as a demonstration of bad character, and return a guilty verdict is extreme. It is exactly the type of evidence that Rule 404(b) was meant to exclude. See *Bailey*, 696 F.3d at 799-802; *United States v. Marshall*, 173 F.3d 1312, 1317 (11th Cir. 1999); *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-15 (9th Cir. 1995).

### B.    The 2020 Battery at Kern Valley State Prison

The government includes a second prison skirmish, arguing that a fight involving ten inmates on the yard at Kern Valley State Prison on January 20, 2020, should be admitted. This incident allegedly involved eight inmates attacking two inmates with their fists (no weapons were involved) and triggered the use of CS grenades. The internal CDCR review found Mr. Gray "guilty" of battery and subject to discipline, though the matter was never prosecuted.

The two prison yard incidents are lumped together in the 404(b) Notice and the government asserts the same reasons in support of admission of both. As discussed above, these reasons fall well short of avoiding the exclusion dictated by a proper application of the rules of evidence.

Justin Gray's Motion for Exclusion of Other Crimes Evidence

Indeed, the assertion that there is some kind of "distinctive" AB prison assault is contradicted by the government's own proffer.  The Calapatria incident involved two inmates with improvised weapons attacking another inmate with the assault suspended when guards ordered a halt; the Kern Valley incident involved eight inmates without weapons attacking two inmates and ignoring guard's orders until chemical weapons were used.  Even putting aside the total lack of information or evidence that the AB was involved in either of these incidents, the idea that there is some sort of signature AB prison yard attack is fiction.

**C.    Even if the Two Prison Assaults are Found to Be Somehow Relevant, Exclusion is Necessary Because the Undue Prejudice Outweighs Any Probative Value.**

Even if the Court were to find some minimal probative value in the prison yard assault evidence, the Rule 403 balance tilts decisively toward exclusion.  These incidents would introduce inflammatory, distracting considerations, waste the jury's time, and potentially confuse the jury as to what is at stake.  The jury's view of the defendant would be impacted, any assessment of the actual charges would be colored by this information.  This evidence would no doubt cause the spillover inference that the propensity rule exists to prevent.

Exclusion is necessary, as here, where the danger of improper use of the evidence far exceeds its probative value.  *Old Chief,* 519 U.S. at 180; *Gonzalez-Flores*, 418 F.3d at 1098; *United States v. Williams*, 663 F.Supp.3d 1085, 1137 (D. Ariz. 2023).

## VI.    CONCLUSION.

As to the first four items in the 404(b) Notice, Mr. Gray requests a ruling that the evidence of the murders of victim-11 and victim-12, the kidnapping of victim-18, the EDD fraud, and the drug trafficking are inadmissible under Rule 404(b) and the jury be instructed, both at the time of admission of this evidence, were it to occur, and during final instructions, that this evidence is not to be used to assess Mr. Gray's guilt.

As to the evidence regarding the two prison assaults, Mr. Gray requests the evidence be excluded.

Justin Gray's Motion for Exclusion of Other Crimes Evidence

Dated: June 21, 2026

Respectfully submitted,

*/s/ James S. Thomson*

*/s/ Timothy J. Foley*

JAMES J. THOMSON
TIMOTHY J. FOLEY
Attorneys for JUSTIN GRAY

Justin Gray's Motion for Exclusion of Other Crimes Evidence