JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

TIMOTHY J. FOLEY
California SBN 111558
Attorney at Law
1017 L Street, Number 348
Sacramento, California 95814
Telephone: (916) 599-3501
Email: tfoley9@earthlink.net

Attorneys for Defendant
JUSTIN GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JUSTIN GRAY, et al.<br><br>    Defendants.<br>_____ | ) **Case No. 1:20-cr-00238-JLT-SAB**<br>)<br>) **JUSTIN GRAY'S MOTION TO**<br>) **EXCLUDE EVIDENCE OF FIREARMS**<br>) **AND OTHER ITEMS SEIZED AT THE**<br>) **TIME OF HIS ARREST**<br>)<br>) **(Trial Motion 3)**<br>)<br>) Date: July 27, 2026<br>) Time: 9:00 am<br>  Hon. Jennifer L. Thurston |

Justin Gray moves to exclude and suppress evidence of the items seized during his arrest on December 10. 2020, and the searches of Room 318 of the La Quinta Inn and the Geo Prizm (OR SBB795) at that time, including the firearm and drugs seized from Mr. Gray's person and the firearms and ammunition found in the hotel.  This evidence is irrelevant to the charges filed against Mr. Gray in this action and would be extremely and unfairly prejudicial to Mr. Gray if admitted into evidence at trial.  The admission of this evidence would constitute a violation of Mr. Gray's due process and fair trial rights under the Constitution.

This motion is based upon the accompanying Memorandum in Support of Justin Gray's Motion to Exclude Evidence of Firearms and Other Items Seized at the Time of His Arrest, the Motion, exhibit, and reply previously filed on this issue (Doc. Nos. 1119, 1119-1, 1245), the pleadings and file in this matter, and such other authorities and evidence as may be presented in any reply or supplemental briefing or at any hearing on this motion.

Dated: June 21, 2026

Respectfully submitted,

*/s/ James S. Thomson*

*/s/ Timothy J. Foley*

JAMES S. THOMSON
TIMOTHY J. FOLEY
Attorneys for JUSTIN GRAY

Justin Gray's Motion for Exclusion of Evidence
of Firearms and Other Items

2

**MEMORANDUM IN SUPPORT OF JUSTIN GRAY'S MOTION TO EXCLUDE EVIDENCE OF FIREARMS AND OTHER ITEMS SEIZED AT THE TIME OF HIS ARREST**

## I.    INTRODUCTION

The Fourth Superseding Indictment charges Justin Gray with two counts of Murder in Aid of Racketeering under 18 U.S.C. § 1959(a)(1), Count Two and Count Three.  Doc. No. 1970, at 11-12.  He is not charged with any of the other seven counts of this multi-defendant, multi-count prosecution, and not charged in the RICO conspiracy count.

The two homicides referenced in Count Two and Count Three occurred during a shooting in the early morning of October 4, 2020, in Lomita, California.

Mr. Gray was arrested in the parking lot of a La Quinta Inn in Ontario, California, on December 10, 2020, more than two months after the October shootings in Lomita. The items, including firearms and drugs, seized by the Los Angeles Sheriff's Department at the time of that arrest from Mr. Gray's person, a vehicle, and a hotel room, are unconnected to the October shootings, irrelevant, and potentially prejudicial.

## II.    INCORPORATION OF PREVIOUS MOTION AND FILINGS

Mr. Gray previously made a motion to suppress the evidence seized at the time of his December 2020 arrest.  Doc. Nos. 1119, 1245.[1]  The Government opposed.  Doc. No. 1202. At the hearing on that motion, the Court reserved ruling.  See Tx, 9/9/24 at 13, Doc. No. 1952.  Subsequently, the motion was terminated without prejudice and the Court issued a minute order indicating that Mr. Gray could renotice the motion as a motion in limine and "the parties may stand on the briefs already filed."  Doc. No. 2048.

Mr. Gray therefore incorporates the motion and memorandum previously filed (Doc. No. 1119), the exhibit presented (Doc. No. 1119-1), and the reply briefing (Doc. No. 1245), demonstrating the need for the exclusion of this evidence.  Fed. R. Evid. 401,

---

[1] At the time of the previous motion, Mr. Gray was charged in the Third Superseding Indictment.  The charges in the more recent indictment, as to Mr. Gray, are the same.  Thus, the intervening filing of the new indictment does not impact this motion.

Justin Gray's Motion for Exclusion of Evidence
of Firearms and Other Items

402; *McKinney v. Rees*, 993 F.2d 1378, 1384-1385 (9th Cir. 1993); *Walker v. United States*, 490 F.2d 683, 684 (8th Cir. 1974).

Under these circumstances, then, Mr. Gray will only add some brief remarks to the authorities and argument already presented.

**III.   THE ITEMS SEIZED DURING THE ARREST ARE UNRELATED TO THE SHOOTINGS AND THEREFOR IRRELEVANT AND UNFAIRLY PREJUDICIAL.**

The firearms, drugs, and other items seized during the December arrest and search of the hotel room and vehicle are completely unrelated to the October shootings.  No connection between the gun (or guns) that killed Victim 1 (Count Two) and Victim 2 (Count Three) and the guns seized on December 10 has been shown.  The other items seized during the arrest and search of the hotel room and vehicle months after the shootings also have no relationship to the homicides and are consequently irrelevant to the proof of any material fact and thus inadmissible.  Fed. R. Evid. 402.

Absent some independent path of relevance, it is prejudicial error to admit evidence that a defendant possessed a deadly weapon that is not the weapon used in the actual crime.  *People v. Riser*, 47 Cal.2d 566, 577 (1956)("it is error to admit evidence that other weapons were found in [the defendant's] possession, for such evidence tends to show, not that he committed the crime, but only that he is the sort of person who carries deadly weapons."); *Walker*, 490 F.2d at 684-85.

Even if the prosecution could come up with some creative argument that this evidence is relevant, the Court should exclude the evidence as unfairly prejudicial under Fed. R. Evid. 403.  See *McKinney v. Rees*, 993 F.2d at 1384-1385; *United States v. King*, 713 F.2d 627, 632 (11th Cir. 1983)("It is well-established that all admissible evidence is subject to exclusion under Rule 403.").

Admission of the items seized during the December 2020 arrest and search of the hotel room and vehicle would not only violate the rules of evidence, it would constitute a

Justin Gray's Motion for Exclusion of Evidence
of Firearms and Other Items

4

due process violation of Mr. Gray's right to a fair trial under the Fifth and Sixth Amendments to the Constitution.

## IV.    CONCLUSION

Mr. Gray requests that the Court grant this motion to exclude the firearms, drugs, ammunition and all items seized during the December 10, 2020 arrest and search of the hotel room and Prizm automobile.

Dated: June 21, 2026                              Respectfully submitted,

*/s/ James S. Thomson*

*/s/ Timothy J. Foley*

JAMES J. THOMSON
TIMOTHY J. FOLEY
Attorneys for JUSTIN GRAY

Justin Gray's Motion for Exclusion of Evidence
of Firearms and Other Items