JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

TIMOTHY J. FOLEY
California SBN 111558
Attorney at Law
1017 L Street, Number 348
Sacramento, California 95814
Telephone: (916) 599-3501
Email: tfoley9@earthlink.net

Attorneys for Defendant
JUSTIN GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00238-JLT-SAB |
|---|---|
| Plaintiff, | **JUSTIN GRAY'S MOTION TO EXCLUDE IRRELEVANT AND PREJUDICIAL  EVIDENCE** |
| vs. | |
| | **(Trial Motion 4)** |
| JUSTIN GRAY, et al. | |
| Defendants. | Date: July 27, 2026 Time: 9:00 am Hon. Jennifer L. Thurston |

Justin Gray moves to exclude and suppress several items of irrelevant yet unfairly prejudicial evidence.  The admission of this evidence would constitute a violation of the rules of evidence and, in addition, violate Mr. Gray's due process and fair trial rights under the Constitution.  This motion addresses three specific things: (1) the searches of Mr. Gray and the cells associated with Mr. Gray and certain codefendants that occurred in the Fresno County jail on November 1, 2023, during which certain items the government characterizes as contraband were allegedly found in his possession; (2) Mr. Gray's tattoos; and (3) Mr. Gray's supposed connection to a "gang" known as the "Baby Blue Wrecking Crew."

This motion is based upon the accompanying Memorandum in Support of Justin Gray's Motion to Exclude Irrelevant and Prejudicial Evidence, the pleadings and file in this matter, and such other authorities and evidence as may be presented in any reply or supplemental briefing or at any hearing on this motion.

Dated: June 21, 2026                           Respectfully submitted,

                                               /s/ James S. Thomson

                                               /s/ Timothy J. Foley
                                               _____
                                               JAMES S. THOMSON
                                               TIMOTHY J. FOLEY
                                               Attorneys for JUSTIN GRAY

Justin Gray's Motion for
Exclusion of Irrelevant Evidence

2

**MEMORANDUM IN SUPPORT OF JUSTIN GRAY'S MOTION TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE**

## I.    INTRODUCTION

The Fourth Superseding Indictment charges Justin Gray with two counts of Murder in Aid of Racketeering under 18 U.S.C. § 1959(a)(1), Count Two and Count Three.  Doc. No. 1970, at 11-12.  He is not charged with any of the other seven counts of this multi-defendant, multi-count prosecution, and not charged in the RICO conspiracy count.

## II.    LEGAL PRINCIPLES

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Evidence that is not relevant is not admissible.  Fed. R. Evid. 402.  "Evidence which has no probative value with respect to any issue, including credibility, is not admissible and the trial judge has the function and duty to exclude such evidence from the consideration of the jury."  *United States v. Higgins*, 362 F.2d 462, 464 (7th Cir. 1966), see *Walker v. United States*, 490 F.2d 683, 684 (8th Cir. 1974).  Prejudicial yet irrelevant evidence admitted against a person accused of a crime can constitute a violation of due process.  *McKinney v. Rees*, 993 F.2d 1378, 1384-1385 (9th Cir. 1993).

In a criminal trial, even if an item of evidence has some extenuated, marginal relevance, the Court has the duty to exclude it where the probative value is outweighed by the possibility of unfair prejudice against the accused.  Fed. R. Evid. 403; *see Old Chief v. United States*, 519 U.S. 172, 180-181 (1997); *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005).  "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury."  *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir.1992).

Justin Gray's Motion for
Exclusion of Irrelevant Evidence

### III.   POTENTIALLY PREJUDICIAL, IRRELEVANT EVIDENCE MUST BE EXCLUDED.

#### A.   The Jail Searches in November, 2023, and the Items Found

On November 1, 2023, the Fresno County Sheriff's Department conducted searches of the cells of Mr. Gray and three of the other original codefendants in the Fresno jail.  These searches uncovered contraband.  In particular, with regard to a folder purportedly in the possession of Mr. Gray, the searches uncovered an object characterized as a weapon.  See Doc. No. 1649.

The jail search and the contraband/weapon uncovered are irrelevant to the matters in issue in this trail and manifestly prejudicial.  The Court should order any evidence of this incident, and the items found, excluded.[1]

#### B.   Mr. Gray's Tattoos

Mr. Gray has a number of tattoos. "[A] heavily tattooed appearance tends to give rise to prejudices or suspicions about the tattooed person -- warranted or not." *In re Victor L.*, 182 Cal.App.4th 902, 930.  Evidence of provocative tattoos can be unfairly prejudicial because such evidence "suggest[s] to the jury that [the defendant has] . . . a hostile, criminal disposition, and a conviction on that basis is obviously improper." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006).

The Court should order the exclusion of any evidence of Mr. Gray's tattoos.

#### C.   Membership in a Group Known as the "Baby Blue Wrecking Crew"

The discovery disclosed thus far has suggested that Justin Gray was, at one time, a member of a purported "gang" known as the "Baby Blue Wrecking Crew" or "BBWC."

---

[1] In the 2025 trial of the codefendants Johnson, Clement, and Stinson, codefendant Clement moved to exclude evidence obtained during the November 1, 2023 jail searches.  Doc. Nos. 1649, 1673.  The government asserted that the evidence was relevant to the RICO conspiracy charge.  Doc. No. 1653.  As noted, Mr. Gray is not charged with the RICO conspiracy count, so that rationale is inapplicable to his case.  Regardless, the Court reserved ruling on Mr. Clement's objection/motion (Doc. No. 1673, at 6).  No final ruling was made as the evidence was ultimately not presented at the 2025 trial.

Justin Gray's Motion for
Exclusion of Irrelevant Evidence

In addition, during the trial of the codefendants in 2025, witness Robert Eversole was allowed to testify that Mr. Gray was "part of" the Baby Blue Wrecking Crew.  Tx, 1/30/25, RT 2082.

Regardless of the accuracy of whether the BBWC was or is a criminal "gang" and regardless of whether Mr. Gray was a member of such a group, the relevance of this association is absent.  "Legions of cases and other legal authorities have recognized the prejudicial effect of gang evidence upon jurors." *People v. Albarran*, 149 Cal.App.4th 214, 231 n 17, 57 Cal.Rptr.3d 92, 106 (2007); see *People v. Cardenas*, 31 Cal.3d 897, 904-905 (1982) (admission of evidence of gang membership created "a real danger that the jury would improperly infer that appellant had a criminal disposition").

The Fourth Superseding Indictment is concerned with the Aryan Brotherhood and asserts that the AB is a criminal racketeering enterprise.  Importantly, however, Mr. Gray is not charged in the RICO conspiracy count and Mr. Gray is not alleged to be a member, or an associate, of the AB.  See Doc. No. 1970, p. 2, para. 3.  The indictment nowhere mentions the Baby Blue Wrecking Crew.

Thus, while the charges assert that the murders alleged in Count Two and Count Three were supposedly motivated by, and connected to, the AB, there is nothing in the charges that makes Mr. Gray's supposed relationship with the Baby Blue Wrecking Crew relevant.

Therefore, admission of evidence that suggests that Mr. Gray was a member of a criminal street "gang" called the Baby Blue Wrecking Crew would be inflammatory, unfair, and unduly prejudicial.  The Court should order exclusion of any reference to the Baby Blue Wrecking Crew and Mr. Gray's supposed association with such a group.

## IV.    CONSTITUTIONAL OBJECTION TO THE ADMISSION OF THIS EVIDENCE

In addition to being a misapplication of the rules of evidence, admission of the evidence discussed above would constitute a violation of Mr. Gray's due process rights under the Constitution and render the trial fundamentally unfair.

Justin Gray's Motion for
Exclusion of Irrelevant Evidence

## V.   CONCLUSION

Counsel for Mr. Gray request that the Court grant this motion to exclude evidence of: (1) the searches that occurred in the Fresno County jail on November 1, 2023, and the items allegedly found in the possession of Mr. Gray; (2) Mr. Gray's tattoos; and (3) Mr. Gray's supposed connection to a "gang" known as the "Baby Blue Wrecking Crew."


Dated: June 21, 2026                              Respectfully submitted,

                                                  /s/ James S. Thomson

                                                  /s/ Timothy J. Foley
                                                  _____
                                                  JAMES J. THOMSON
                                                  TIMOTHY J. FOLEY
                                                  Attorneys for JUSTIN GRAY

Justin Gray's Motion for
Exclusion of Irrelevant Evidence