JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

TIMOTHY J. FOLEY
California SBN 111558
Attorney at Law
1017 L Street, Number 348
Sacramento, California 95814
Telephone: (916) 599-3501
Email: tfoley9@earthlink.net

Attorneys for Defendant
JUSTIN GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JUSTIN GRAY, et al.<br><br>    Defendants.<br>_____ | **Case No. 1:20-cr-00238-JLT-SAB**<br><br>**JUSTIN GRAY'S RENEWED MOTION FOR SUPPRESSION OF CELL PHONE DATA**<br><br>**(Trial Motion 5)**<br><br>Date: July 27, 2026<br>Time: 9:00 am<br>Hon. Jennifer L. Thurston |

Justin Gray moves to exclude and suppress the cell phone data obtained from T-Mobile as a result of the search warrant executed on November 19, 2020 relating to telephone numbers 424-224-1216 and 424-703-0437, allegedly associated with Mr. Gray. This evidence was obtained in violation of the Fourth Amendment and the doctrines set forth in *Carpenter v. United States*, 585 U.S. 296 (2018), *Riley v. California*, 573 U.S. 373 (2014), and *Franks v. Delaware*, 438 U.S. 154 (1978).

Specifically, and as more fully explained in the accompanying Memorandum in Support of Justin Gray's Renewed Motion for Suppression of Cell Phone Data, Mr. Gray moves to suppress:

Justin Gray's Renewed Motion for Suppression of Cell Phone Data

1. All Subscriber/Registration/Account Information relating to the phone numbers 424-224-1216 and 424-703-0437, obtained through the search warrant dated November 19, 2020 and served on T-Mobile.  See Bates # BASH 22183-22195.

2. All Call Detail Records with Cellular Site Location data relating to the phone numbers 424-224-1216 and 424-703-0437, obtained through the search warrant dated November 19, 2020 and served on T-Mobile.  See Bates # BASH 22183-22195.

3. All GPS Precision Location Information data relating to the phone numbers 424-224-1216 and 424-703-0437, obtained through the search warrant dated November 19, 2020 and served on T-Mobile.  See Bates # BASH 22183-22195.

4. Any other data obtained through the search warrant dated November 19, 2020 and served on T-Mobile.  See Bates # BASH 22183-22195.

This motion is based on the accompanying Memorandum in Support of Justin Gray's Renewed Motion for Suppression of Cell Phone Data, the previous motion and pleadings filed relating to this issue (Doc. Nos. 1121, 1121-1, 1246), the pleadings and file in this matter, and such other authorities and evidence as may be presented in any reply or supplemental briefing or at any hearing on this motion.

This motion renews a previous motion brought during pretrial proceedings, Doc. No. 1120, and requests that the Court reconsider a previous ruling.  Doc. No. 1301.

Dated: June 21, 2026                                        Respectfully submitted,

                                                                      /s/ James S. Thomson

                                                                      /s/ Timothy J. Foley

                                                                      _____
                                                                      JAMES S. THOMSON
                                                                      TIMOTHY J. FOLEY
                                                                      Attorneys for JUSTIN GRAY

Justin Gray's Renewed Motion for Suppression of Cell Phone Data

**MEMORANDUM IN SUPPORT OF JUSTIN GRAY'S
RENEWED MOTION FOR SUPPRESSION OF CELL PHONE DATA**

## I.  INTRODUCTION.

The Fourth Superseding Indictment charges Justin Gray with two counts of Murder in Aid of Racketeering under 18 U.S.C. § 1959(a)(1), Count Two and Count Three.  Doc. No. 1970, at 11-12.  The two homicides, of Allan Roshanski and Ruslan Magaomedzhiev, referenced in Count Two and Count Three, occurred as a result of a shooting in the early morning of October 4, 2020, in Lomita, California.

Mr. Gray previously brought a Motion for Suppression of Cell Phone Data.  Doc. Nos. 1120 (Motion, with Memorandum in Support), 1120-1 (Exhibit), 1246 (Reply).  By order issued on September 19, 2024, the Court denied the motion.  Doc. No. 1301.

In light of the impending trial, and in the context of the other trial motions, Mr. Gray challenges the Court's previous ruling, and requests that the Court issue an order excluding the specified cell phone data from the trial.

## II.  INCORPORATION OF PREVIOUS FILINGS.

Mr. Gray incorporates the motion and memorandum previously filed (Doc. No. 1120), the exhibit presented (Doc. No. 1120-1), and the reply briefing (Doc. No. 1246), demonstrating the need for the exclusion of this evidence under the Fourth Amendment. See *Carpenter v. United States*, 585 U.S. 296 (2018); *Illinois v. Gates*, 462 U.S. 213 (1983); *United States v. Hall*, 113 F.3d 157, 159-160 (9th Cir. 1997);  *United States v. Stanert*, 762 F.2d 775, 778 (9th Cir. 1985).

## III.  THE PROBABLE CAUSE SHOWING UNDERLYING WARRANT ALLOWING THE SEIZURE OF THE CELL PHONE DATA WAS INSUFFICIENT.

The Fourth Amendment to the United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation."  "A search warrant, to be valid, must be supported by an affidavit establishing probable cause."  *Stanert*, 762 F.2d at 778.  "[P]robable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts[.]"  *Illinois v. Gates*, 462 U.S. at

232. The determination of whether the information provided in the affidavit supports a finding of probable cause and the issuance of the warrant involves an assessment of the "totality of the circumstances." *Gates*, 462 U.S. at 238; *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000).

The Court has previously reviewed the probable cause affidavit submitted by Detective Louis Aguilera of the Los Angeles Sheriff's Department. See Doc. Nos. 1301, 1120-1. Roughly seven weeks after the Lomita shootings, on November 19, 2020, Detective Aguilera executed an affidavit for a search warrant directed at T-Mobile requesting data relating to two cell phone accounts, 424-224-1216 and 424-703-0437, allegedly associated with Justin Gray.

The "Statement of Probable Cause" provided by Detective Aguilera in the affidavit requesting the search warrant described the homicides and the items found at the scene. The affidavit also included a description of an interview of a woman witness who stated that, on October 3, Mr. Roshanski was intending to go to Long Beach with Mr. Magomedgadzhiev. Bates BASH 22189-90.

With regard to the supposed connection between Justin Gray and the homicides, the showing in the affidavit was limited and based almost completely on an unknown "confidential informant":

> On November 10, 2020, your affiant was contacted by LAPD Narcotics Officer Makari. He told your affiant that he had a confidential informant who had information regarding the double murder. The confidential informant told him that he/she was recently at a friend's apartment in Long Beach, when he/she overheard Justin Grey [sic] talking to two unknown males about how he 'got those two Russian guys' in Lomita. The informant said the motive for the murder was that Justin Gray was going to be a made member of the Aryan Brotherhood if he killed the two vitims. The informant provided a phone number of (424) 703-0437, as associated to Justin Gray.
>
> Investigators later determined the phone number provided by the informant showed the subscriber as Justin Gray. While reviewing the criminal history of Justin Gray, Investigators discovered phone number (424) 224-1216, was the documented number on file with his probation officer, and the number used by probation to contact Justin Gray.
>
> While reviewing the record for Victim Roshanski's phone, Investigators discovered that Victim Roshanski called number (424) 224-1216 at 1222, 1224, 1248, on October 4, 2020, less than 1 hour before the murders.

Justin Gray's Renewed Motion for Suppression of Cell Phone Data

4

Bates BASH 22190.

The basis for targeting Mr. Gray's phone numbers set forth in the affidavit is derived from a LAPD Officer Makari who relayed hearsay from an unnamed confidential informant. Detective Aguilar appears to have absolutely no knowledge of the identity, reliability, or credibility of this confidential informant.

"An anonymous tip, without more, does not constitute probable cause." *United States v. Mendonsa*, 989 F.2d 366, 368 (9th Cir. 1993). "Because hearsay from an unknown informant is highly suspect, officers must provide some basis to believe that the tip is true." *United States v. Clark*, 31 F.3d 831, 834 (9th Cir. 1994); *Gates*, 462 U.S. at 241 ("Our decisions . . . have consistently recognized the value of corroboration of details of an informant's tip by independent police work."). Further, "[a]lthough hearsay may be used to establish probable cause in some circumstances, an anonymous tip is insufficient to establish probable cause absent independent corroboration through police investigation or some other indication of reliability." *Clark*, 31 F.3d at 834.

In the order denying the previous submission of the request to suppress this evidence, the Court concluded that "the informant was not anonymous, and the information provided was corroborated." Doc. No. 1301, at 3. Respectfully, these conclusions are incorrect, and the ruling effects the resolution of this motion.

First, the confidential informant may or may not have been anonymous to the LAPD Officer Makari, but he/she was unknown and therefore anonymous to Detective Aguilera, the affiant. The details of how well Officer Makari knew the confidential informant, and any basis for establishing the reliability of the informant, are completely absent.

Second, the information that Mr. Roshanski had called a phone allegedly associated with Mr. Gray three times in the hour preceding the homicides is insufficient corroboration of the informant's tip. This phone number was not the phone number supplied by the informant, and the phone calls suggest only that there was contact

Justin Gray's Renewed Motion for Suppression of Cell Phone Data

between the two.  In fact, nothing corroborates the incriminating statements attributed to Mr. Gray by the informant.

"Mere confirmation of innocent static details in an anonymous tip does not constitute corroboration."  *Clark*, 31 F.3d 831 at 834-35 (citing *United States v. Mendonsa*, 989 F.2d 366, 369 (9th Cir. 1993).  Rather, the "totality of the circumstances" analysis with regard to informant tips evaluates factors such as whether an informant is known or anonymous, whether the informant has a track record of reliability, whether the informant's tips provide predictive information about future events, and whether the informant's knowledge is of an individual's intimate affairs or of the type that could be observed by the general public.  *United States v. Rowland*, 464 F.3d 899, 907–08 (9th Cir. 2006).  None of these items are present in the Aguilera affidavit.  "To credit a confidential source's information in making a probable cause determination, the affidavit should support an inference that the source was trustworthy and that the source's accusation . . . was made on the basis of information obtained in a reliable way."  *Stanert*, 762 F.2d at 778; quoting *United States v. Landis*, 726 F.2d 540, 543 (9th Cir. 1984).  Here, the affidavit fails.

## IV.   CONCLUSION

The showing of probable cause in this affidavit was inadequate to support the issuance of the search warrant acquiring the cell phone data from T-Mobile.  As a result, the data obtained through the warrant must be excluded from any trial of this matter.  See *United States v. Camou*, 773 F.3d 932, 937-940 (9th Cir. 2014) *United States v. Hall*, 113 F.3d 157, 159-160 (9th Cir. 1997).  Counsel for Mr. Gray request that the Court grant this motion to suppress the cell phone data.

Dated: June 21, 2026                          Respectfully submitted,

                                              */s/ James S. Thomson*

                                              */s/ Timothy J. Foley*

                                              _____
                                              JAMES J. THOMSON
                                              TIMOTHY J. FOLEY
                                              Attorneys for JUSTIN GRAY

Justin Gray's Renewed Motion for Suppression of Cell Phone Data