JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

TIMOTHY J. FOLEY
California SBN 111558
Attorney at Law
1017 L Street, Number 348
Sacramento, California 95814
Telephone: (916) 599-3501
Email: tfoley9@earthlink.net

Attorneys for Defendant
JUSTIN GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No. 1:20-cr-00238-JLT-SAB** |
| Plaintiff, | **JUSTIN GRAY'S MOTION TO EXCLUDE HEARSAY EVIDENCE** |
| vs. | **(Trial Motion 6)** |
| JUSTIN GRAY, et al. | Date: July 27, 2026 |
| Defendants. | Time: 9:00 am |
| | Hon. Jennifer L. Thurston |

Justin Gray moves to exclude and suppress the hearsay statement of a confidential informant relayed by LAPD Narcotics Officer Makari presented in the search warrant application prepared by Detective Aguilera in November of 2020.  The admission of this evidence would constitute a violation of the rules of evidence and, in addition, violate Mr. Gray's due process, confrontation, and fair trial rights under the Constitution.

This motion is based upon the accompanying Memorandum in Support of Justin Gray's Motion to Exclude Hearsay Evidence, the pleadings and file in this matter, and such other authorities and evidence as may be presented in any reply or supplemental briefing or at any hearing on this motion.

Justin Gray's Motion to Exclude Hearsay Evidence

Dated: June 21, 2026

Respectfully submitted,

*/s/ James S. Thomson*

*/s/ Timothy J. Foley*

JAMES S. THOMSON
TIMOTHY J. FOLEY
Attorneys for JUSTIN GRAY

Justin Gray's Motion to Exclude Hearsay Evidence

**MEMORANDUM IN SUPPORT OF JUSTIN GRAY'S MOTION TO EXCLUDE HEARSAY EVIDENCE**

## I.      INTRODUCTION

The Fourth Superseding Indictment charges Justin Gray with two counts of Murder in Aid of Racketeering under 18 U.S.C. § 1959(a)(1), Count Two and Count Three.  Doc. No. 1970, at 11-12.  Count Two and Count Three reference two shootings that occurred in Lomita, California, on October 4, 2020.  Mr. Gray is not charged with any of the other seven counts of this multi-defendant, multi-count prosecution, and not charged in the RICO conspiracy count.

## II.     LEGAL PRINCIPLES

Hearsay evidence is inadmissible except under specific exceptions.  Fed. R. Evid. 801, 802.  Admission of unconfronted testimonial hearsay in a criminal trial is a violation of the Confrontation Clause of the Sixth Amendment.  *Hemphill v. New York*, 595 U.S. 140, 150-156 (2022).

## III.    THE STATEMENT RELAYED TO DETECTIVE AGUILERA IS INADMISSIBLE AND WOULD BE A CONFRONTATION CLAUSE VIOLATION.

In the November, 2020, application for the search warrant related to the phone numbers allegedly associated with Justin Gray, Detective Aguilera included a description of a statement made to him by LAPD Narcotics Officer Makari.  Officer Makari relayed a statement made by an unidentified confidential informant.

The allegations in this part of the affidavit provide:

> On November 10, 2020, your affiant was contacted by LAPD Narcotics Officer Makari. He told your affiant that he had a confidential informant who had information regarding the double murder. The confidential informant told him that he/she was recently at a friend's apartment in Long Beach, when he/she overheard Justin Grey [sic] talking to two unknown males about how he "got those two Russian guys" in Lomita. The informant said the motive for the murder was that Justin Gray was going to be a made member of the Aryan Brotherhood if he killed the two victims. The informant provided a phone number of [ ]. . . . as associated to Justin Gray.

Bates BASH 00022190.

Justin Gray's Motion to Exclude Hearsay Evidence

The contents of the affidavit constitute nested hearsay: Officer Makari's statement and the confidential informant's statement.  Both the confidential informant's statement and Officer Makari's statement are testimonial hearsay inadmissible under the rules of evidence and the Confrontation Clause.  Fed. R. Evid. 802; *Hemphill*, 595 U.S. at 152; see *Crawford v. Washington*, 541 U.S. 36 (2004); *United States v. Carter*, 907 F.3d 1199, 1210 (9th Cir. 2018).

The Court should exclude these statements from the trial.

Dated: June 21, 2026

Respectfully submitted,

*/s/ James S. Thomson*

*/s/ Timothy J. Foley*

JAMES J. THOMSON
TIMOTHY J. FOLEY
Attorneys for JUSTIN GRAY

Justin Gray's Motion to Exclude Hearsay Evidence