JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

TIMOTHY J. FOLEY
California SBN 111558
Attorney at Law
1017 L Street, Number 348
Sacramento, California 95814
Telephone: (916) 599-3501
Email: tfoley9@earthlink.net

Attorneys for Defendant
JUSTIN GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Case No. 1:20-cr-00238-JLT-SAB** |
| Plaintiff, | ) ) | **JUSTIN GRAY'S MOTION TO** |
| vs. | ) ) | **EXCLUDE IDAHO JAIL CALLS AS IRRELEVANT AND PREJUDICIAL** |
| | ) ) | **(Trial Motion 7)** |
| JUSTIN GRAY, et al. | ) ) | Date: July 27, 2026 |
| Defendants. | ) ) | Time: 9:00 am |
| | ) | Hon. Jennifer L. Thurston |

Justin Gray moves to exclude and suppress two Idaho jail calls as irrelevant and unfairly prejudicial evidence.  The admission of these calls would constitute a violation of the rules of evidence and, in addition, violate Mr. Gray's due process and fair trial rights under the Constitution.  Even if marginally relevant, this evidence should be excluded as unduly prejudicial.

This motion is based upon the accompanying Memorandum in Support of Justin Gray's Motion to Exclude Idaho Jail Calls as Irrelevant and Prejudicial, the pleadings and file in this matter, and such other authorities and evidence as may be presented in any reply or supplemental briefing or at any hearing on this motion.

Justin Gray's Motion for Exclusion of Idaho Jail Calls

1

Dated: June 21, 2026

Respectfully submitted,

*/s/ James S. Thomson*

*/s/ Timothy J. Foley*

JAMES S. THOMSON
TIMOTHY J. FOLEY
Attorneys for JUSTIN GRAY

Justin Gray's Motion for Exclusion of Idaho Jail Calls

**MEMORANDUM IN SUPPORT OF JUSTIN GRAY'S MOTION TO EXCLUDE IDAHO JAIL PHONE CALLS AS  IRRELEVANT AND PREJUDICIAL**

## I.    INTRODUCTION

The Fourth Superseding Indictment charges Justin Gray with two counts of Murder in Aid of Racketeering under 18 U.S.C. § 1959(a)(1), Count Two and Count Three.  Doc. No. 1970, at 11-12.  He is not charged with any of the other seven counts of this multi-defendant, multi-count prosecution, and not charged in the RICO conspiracy count.

The government has indicated that it intends to introduce two 2021 Idaho jail calls – one a telephone call and one a video call – between Mr. Gray and a female friend in its case-in-chief.  These calls are not relevant to the elements of the charged counts.  Even if some minor relevance can be identified, the undue and unfair prejudice easily outweighs that minor relevance.  The Idaho jail calls should be excluded under the rules of evidence and as a violation of Mr. Gray's constitutional rights to a fair trial and due process.

## II.    LEGAL PRINCIPLES

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Evidence that is not relevant is not admissible.  Fed. R. Evid. 402.  "Evidence which has no probative value with respect to any issue, including credibility, is not admissible and the trial judge has the function and duty to exclude such evidence from the consideration of the jury."  *United States v. Higgins*, 362 F.2d 462, 464 (7th Cir. 1966), see *Walker v. United States*, 490 F.2d 683, 684 (8th Cir. 1974).  Prejudicial yet irrelevant evidence admitted against a person accused of a crime can constitute a violation of due process.  *McKinney v. Rees*, 993 F.2d 1378, 1384-1385 (9th Cir. 1993).

In a criminal trial, even if an item of evidence has some extenuated, marginal relevance, the Court has the duty to exclude evidence where the probative value is outweighed by the possibility of unfair prejudice against the accused.  Fed. R. Evid. 403; *see Old Chief v. United States*, 519 U.S. 172, 180-181 (1997); *United States v.*

Justin Gray's Motion for Exclusion of Idaho Jail Calls

*Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005).  "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir.1992).

## III.    THE TWO IDAHO PHONE CALLS MUST BE EXCLUDED.

### A.    The Telephone Call

The government has produced a 25 page transcript of a call from an Idaho jail allegedly between Justin Gray and a female named "Julia."[1]  There is no date designated; the call is likely from 2021.

The context of the call is between two people involved in a relationship discussing intimate issues of trust, commitment, and sexual loyalty.  The language is vulgar and offensive, with references to sexual acts.  There is teasing and hyperbole.  Other individuals are mentioned and denigrated.  The mood of both participants swings between anger and empathy.

During the call, Mr. Gray makes no reference to Lomita, the Lomita shootings, the Aryan Brotherhood, or any member of the AB.  Many times, the transcript fails to report the words actually spoken, simply designating content as "U/I" – unintelligible, making the content vague and unclear.

At one point, Julia tells Mr. Gray she will "fxxking slit your throat."  It is unclear whether this is a serious threat or an odd attempt to be playful.  At another point in the call, Mr. Gray blurts out that he is a "killer" who "killed dogs."  This remark is made without explanation and appears to be an attempt to appear tough, a bit of braggadocio.  There is no link between these words and the Lomita homicides, and no reason to believe the words refer to the Lomita homicides. To a reasonable, sensitive juror, the foul language and casually vulgar discussion could be quite offensive.  There is no reason to

---

[1] For the purposes of this motion, we assume the government's foundation is proper and both of these calls are actually what they purport to be.  Mr. Gray reserves the right to challenge the calls and transcripts on any additional ground, including foundation.

Justin Gray's Motion for Exclusion of Idaho Jail Calls

4

admit this telephone call other than to, unfairly, show Mr. Gray in a bad light and bias the jury against him.  It should be excluded under Rules 402 and 403.

### B.    The Video Call

The government has produced an 11 page transcript of an apparent video call, undated but apparently from 2021, from an Idaho jail allegedly between Justin Gray and a female named "Julia."  Presumably, this is the same Julia as the telephone call.  It is unclear which of the calls came first in time and which second.  The video call includes the participation of another apparent inmate named Brian.

Julia is getting ready for an "escort" date during the call and much of the discussion concerns her state of dress.  As with the telephone call, the language is vulgar, the topics of conversation sexual and somewhat prurient.  There is no mention of Lomita, the Lomita shootings, or the AB.  There is nothing in this transcript that is relevant to the charges against Mr. Gray.

As with the phone call, there is no reason to admit this video call other than to, unfairly, show Mr. Gray in a bad light and bias the jury against him.  It should be excluded under Rules 402 and 403.

### C.    If Any Portion of These Two Calls is Admitted Only the Actually Relevant Portions Should Be Submitted.

The government has not presented its theory why any part of these two calls is relevant, so it is unclear at this point whether some viable assertion of relevance can be made.  Consequently, in the alternative, Mr. Gray requests that if the government manages to convince the Court that any part of either of these calls is admissible, the excerpt should be edited so as to avoid the unfair prejudice.  This evidence should be excluded completely but, if it isn't, as little as possible should be presented.  The danger of triggering unfair bias is substantial.

Justin Gray's Motion for Exclusion of Idaho Jail Calls

## IV.    CONSTITUTIONAL OBJECTION TO THE ADMISSION OF THIS EVIDENCE

The admission of the evidence would constitute a violation of Mr. Gray's due process rights under the Constitution and render the trial fundamentally unfair.

## V.    CONCLUSION

Counsel for Mr. Gray request that the Court grant this motion to exclude the two Idaho jail calls.

Dated: June 21, 2026                    Respectfully submitted,

*/s/ James S. Thomson*

*/s/ Timothy J. Foley*

JAMES J. THOMSON
TIMOTHY J. FOLEY
Attorneys for JUSTIN GRAY

Justin Gray's Motion for Exclusion of Idaho Jail Calls