JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

TIMOTHY J. FOLEY
California SBN 111558
Attorney at Law
1017 L Street, Number 348
Sacramento, California 95814
Telephone: (916) 599-3501
Email: tfoley9@earthlink.net

Attorneys for Defendant
JUSTIN GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | **Case No. 1:20-cr-00238-JLT-SAB** |
|---|---|---|
| Plaintiff, | ) ) | **JUSTIN GRAY'S MOTION TO PRECLUDE DUAL CAPACITY** |
| vs. | ) ) ) | **WITNESSES AND PRECLUDE EXPERT TESTIMONY BY LAY WITNESSES** |
| JUSTIN GRAY, et al. | ) ) | **(Trial Motion 8)** |
| Defendants. | ) ) | Date: July 27, 2026 |
| _____ | ) | Time: 9:00 am |
| | | Hon. Jennifer L. Thurston |

Justin Gray moves to preclude dual capacity witnesses and preclude expert testimony by lay witnesses and unnoticed expert opinions.  He requests that the Court enter an order precluding the government's cooperating witnesses and any other witness not noticed as an expert under Rule 16(a)(1)(G) from offering opinion testimony regarding the Aryan Brotherhood's organizational structure, hierarchy, rules, operation, codes of conduct, disciplinary practices, distinctive use of violence, fear or intimidation, or the meaning of related symbols, gestures, or coded language.  This motion addresses suggestions presented by the government in its May 26, 2026 Notice of Intent to Introduce Evidence Potentially Under Rule 404(b) (404(b) Notice).

Justin Gray's Motion for Preclude Dual Capacity Testimony

1

This motion is based upon the accompanying Memorandum in Support of Justin Gray's Motion to Preclude Dual Capacity Witnesses and Preclude Expert Testimony by Lay Witnesses, the pleadings and file in this matter, and such other authorities and evidence as may be presented in any reply or supplemental briefing or at any hearing on this motion.

Dated: June 21, 2026

Respectfully submitted,

*/s/ James S. Thomson*

*/s/ Timothy J. Foley*

_____
JAMES S. THOMSON
TIMOTHY J. FOLEY
Attorneys for JUSTIN GRAY

Justin Gray's Motion for Preclude Dual Capacity Testimony

2

**MEMORANDUM IN SUPPORT OF JUSTIN GRAY'S MOTION TO PRECLUDE DUAL CAPACITY WITNESSES AND PRECLUDE EXPERT TESTIMONY BY LAY WITNESSES**

## I.    INTRODUCTION

The Fourth Superseding Indictment charges Justin Gray with two counts of Murder in Aid of Racketeering under 18 U.S.C. § 1959(a)(1), Count Two and Count Three.  Doc. No. 1970, at 11-12.  These counts concern a double shooting that occurred in Lomita, California, in October of 2020.  He is not charged with any of the other seven counts of this multi-defendant, multi-count prosecution, and not charged in the RICO conspiracy count.

The government's 404(b) Notice indicates that "cooperating witnesses" will testify regarding: (1) the AB's method of carrying out violent crimes outside of prison through fear; (2) the AB's "distinctive mode of committing prison assaults"; and (3) how the "AB enterprise uses violence and assaults to preserve, protect, and expand its power within the California prison system."  404(b) Notice, at 2, 5, 6.  In addition, the government may attempt to present evidence of the AB's organization and structure through the use of lay witnesses, particularly the cooperating witnesses.  As discussed below, the government may not introduce testimony about the institutional and internal operations of the AB through a lay witness.

## II.    LAY WITNESSES SHOULD NOT BE ALLOWED TO TESTIFY AS TO EXPERT OPINIONS.

Federal Rules of Evidence 701 and 702 distinguish lay testimony from expert testimony.  Rule 701 limits lay-opinion testimony to opinions "rationally based on the witness's perception" and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701(c).  The 2000 amendment to Rule 701 was adopted specifically to prevent parties from "evading the expert witness disclosure requirements set forth in [Rule 16] . . . through the simple expedient of proffering an expert in lay witness clothing."  Fed. R. Evid. 701

advisory committee's note to 2000 amendment.  The Ninth Circuit has noted the serious problems with blurring the line between experts and lay witnesses, as when, for example, government agents attempt to testify as both experts and percipient witnesses.  *United States v. Torralba-Mendia*, 784 F.3d 652, 658 (9th Cir. 2015); *United States v. Holguin*, 51 F.4th 841, 862 (9th Cir. 2022).

Federal Rule of Criminal Procedure 16(a)(1)(G) requires the government to "give to the defendant a written summary of any testimony that the government intends to use under [Federal Rules of Evidence] 702, 703, or 705" and to provide "a complete statement of all opinions" the government will elicit, "the bases and reasons for them," "the witness's qualifications," and "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert." Fed. R. Crim. P. 16(a)(1)(G)(iii).  When the government fails to comply with these provisions, Rule 16(d)(2) authorizes the Court to "prohibit that party from introducing the undisclosed evidence." Fed. R. Crim. P. 16(d)(2)(C).

The Ninth Circuit has held that testimony about the structure, hierarchy, codes, practices, symbols, and language of a criminal gang is expert testimony, not lay opinion. *United States v. Vera*, 770 F.3d 1232, 1241-43 (9th Cir. 2014) (testimony about coded drug language requires expert designation); *Holguin*, 51 F.4th at 855-56 (gang structure, rules, and symbols are appropriate subjects of expert testimony).  Consequently, the testimony of a cooperating witness as to the organization, structure, and operation of the AB constitutes expert opinion.  Such opinions about institutional behavior require specialized knowledge and compliance with both Evidence Rule 702 and the notice requirements of Rule 16.  See *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997).

Justin Gray's Motion for Preclude Dual Capacity Testimony

4

Permitting unnoticed expert opinion testimony would violate Mr. Gray's rights to due process and confrontation under the Fifth and Sixth Amendments.[1]

## III.    CONCLUSION.

Mr. Gray requests that the Court enter an order precluding the cooperating witnesses and any other witness not noticed as an expert under Rule 16(a)(1)(G) from offering opinion testimony regarding the AB's organizational structure, hierarchy, rules, operation, codes of conduct, disciplinary practices, distinctive use of violence, fear or intimidation, or the meaning of related symbols, gestures, or coded language.

Dated: June 21, 2026

Respectfully submitted,

*/s/ James S. Thomson*

*/s/ Timothy J. Foley*

JAMES J. THOMSON
TIMOTHY J. FOLEY
Attorneys for JUSTIN GRAY

---

[1] Before the 2025 trial the codefendants filed a motion to prohibit dual capacity testimony.  Doc. No. 1458.  The Court discussed and ruled on that motion in its Order on Motions In Limine, Doc. No. 1673 at 8-13.  The Court recognized the potential difficulties and possible juror confusion when lay and expert testimony are mixed.  While the Court denied the motion, it imposed certain obligations on the government, stating:

> [T]he Government SHALL take steps prevent the jury from being presented with testimony that blurs the distinction between that of an expert and that of a percipient witness. . . . [and] the Government SHALL give advance notice to the Court and opposing counsel, outside the presence of the jury, if it anticipates that a proffered expert will offer lay opinions or that a lay witness will offer opinions that are properly the subject of expert testimony, to ensure a proper foundation is laid and prejudice is mitigated.

Doc. No. 1673 at 13.

Justin Gray's Motion for Preclude Dual Capacity Testimony