JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

TIMOTHY J. FOLEY
California SBN 111558
Attorney at Law
1017 L Street, Number 348
Sacramento, California 95814
Telephone: (916) 599-3501
Email: tfoley9@earthlink.net

Attorneys for Defendant
JUSTIN GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No. 1:20-cr-00238-JLT-SAB** |
| Plaintiff, | **JUSTIN GRAY'S MOTION TO PRECLUDE THE GOVERNMENT FROM ELICITING TESTIMONY THAT THE ARYAN BROTHERHOOD IS RACIST AS IRRELEVANT AND UNDULY PREJUDICIAL** |
| vs. | **(Trial Motion 9)** |
| JUSTIN GRAY, et al. | Date: July 27, 2026 |
| Defendants. | Time: 9:00 am<br>Hon. Jennifer L. Thurston |

Justin Gray moves to preclude comment from the Government in opening or summation, and testimony from government expert or lay witnesses that the Aryan Brotherhood (AB) is racist and/or harbors white supremacist beliefs. Such evidence is completely irrelevant to any issues in this case, is unduly prejudicial and should be excluded under Federal Rules of Evidence 401, 402 and 403. In addition, the admission of such evidence would violate Mr. Gray's fundamental constitutional rights to due process and a fair trial.

This motion is based upon the accompanying Memorandum in Support of  Justin Gray's Motion to Preclude the Government from Eliciting Testimony That the Aryan Brotherhood Is Racist as Irrelevant and Unduly Prejudicial, the pleadings and file in this matter, and such other authorities and evidence as may be presented in any reply or supplemental briefing or at any hearing on this motion.

Dated: June 21, 2026

Respectfully submitted,

*/s/ James S. Thomson*

*/s/ Timothy J. Foley*

JAMES S. THOMSON
TIMOTHY J. FOLEY
Attorneys for JUSTIN GRAY

Justin Gray's Motion for Exclusion of Testimony
That the AB is Racist

2

**MEMORANDUM IN SUPPORT OF JUSTIN GRAY'S MOTION TO PRECLUDE THE GOVERNMENT FROM ELICITING TESTIMONY THAT THE ARYAN BROTHERHOOD IS RACIST AS IRRELEVANT AND UNDULY PREJUDICIAL.**

Mr. Gray is charged with murder in aid of racketeering.  In order to prove the charge, the government will presumably introduce testimony about the AB to show that the organization is a "racketeering enterprise" and the murder was motivated by a desire to maintain or increase the defendant's position in the enterprise.  18 U.S.C. § 1959.  The Fourth Superseding Indictment refers to the AB as "a white, race-based gang."  Doc. No. 1970, paragraph 4.  The indictment also asserts that the AB acts in ways that stem "from the reality that white inmates are a minority in every California prison."  Doc. No. 1970, paragraph 12.  The AB's symbols, according to the indictment, include Nazi symbols and white supremacist iconography.  Doc. No. 1970, paragraph 16.

The Government may attempt to introduce evidence of racial animus, testimony regarding the alleged racist attitudes of AB members, or photographic evidence showing racist, Nazi, or white supremacist symbols.  Such evidence should be excluded as irrelevant.  See *Dawson v. Delaware*, 503 U.S. 159, 166 (1992).  There is no claim that the crimes alleged against Mr. Gray were racially motivated, and the real or imagined attitudes of AB members are unrelated to the alleged racketeering activities.

Further, this type of evidence should also be excluded on grounds that it is substantially more prejudicial then probative under Rule 403.  Jurors may have a visceral reaction to hearing this kind of testimony and to seeing racist images, which would naturally lead to unfair prejudice.  "Unfair prejudice," means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003); *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (The term "unfair prejudice," as to a criminal defendant, speaks to the concept that certain evidence may lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.).

Justin Gray's Motion for Exclusion of Testimony
That the AB is Racist

Mr. Gray is not a member, or an associate, of the AB.  Any supposed white supremacist attitude attributed to the AB or its members is irrelevant.  Any introduction, through argument, questioning, testimony, or photographs, of such attitudes would be inflammatory and unduly prejudicial and should be excluded under Rules 402 and 403.

Mr. Gray respectfully moves the Court to preclude any argument, questioning, evidence or suggestion by the government that membership or association with the AB involves racism or white supremacist beliefs.  Such evidence constitutes improper character evidence, is unduly prejudicial and has no relevance to the issues in this case.  It should be excluded under a proper application of the rules of evidence and, in addition, because the admission of such evidence would be a violation of Mr. Gray's constitutional rights to due process and a fair trial under the Fifth and Sixth Amendments.

Dated: June 21, 2026

Respectfully submitted,

*/s/ James S. Thomson*

*/s/ Timothy J. Foley*

JAMES J. THOMSON
TIMOTHY J. FOLEY
Attorneys for JUSTIN GRAY

Justin Gray's Motion for Exclusion of Testimony
That the AB is Racist

4