ERIC GRANT
United States Attorney
JAMES CONOLLY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

AMANDA J. KOTULA
Trial Attorney, U.S. Department of Justice
Violent Crime & Racketeering Section
1301 New York Avenue, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 514-3594

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>JUSTIN GRAY,<br>a.k.a. "Sidetrack"<br><br>                    Defendant. | CASE NO.  1:20-CR-00238 JLT-SAB<br><br>UNITED STATES' MOTION IN LIMINE TO EXCLUDE REFERENCE TO DEATH PENALTY ELIGIBILITY OF COOPERATOR'S OFFENSES<br><br>DATE: JULY 27, 2026<br>TIME: 9:00 A.M.<br>COURT: Hon. Jennifer L. Thurston |

The United States of America, by and through its undersigned counsel, respectfully moves this Court *in limine* to preclude, as irrelevant and prejudicial, any reference by defense counsel to a cooperator's initial exposure to the death penalty if charged with a capital offense in the Indictment. [1]

## I.          INTRODUCTION

The government moves pursuant to Federal Rules of Evidence 401, 402, and 403 to preclude

---

[1] The government has likewise moved to exclude reference to the fact that Justin Gray's charges had the potential to expose him to the death penalty, as part of its contemporaneous motion *in limine* to exclude reference by the defense to potential punishment.

reference to the charges any of the anticipated cooperating witnesses faced as death penalty eligible offenses. Multiple individuals in this case were charged with death penalty eligible offenses over the course of four superseding indictments. ECF No. 130, 622, 1098, and 1970.  Notice was given to all defendants on February 21, 2024, that the United States would not seek the death penalty. ECF No. 950. No cooperating witness anticipated to testify in the upcoming trial entered a guilty plea while facing the death penalty at the time they did so, and had not been for some time.  Consequently, any mention of a possible imposition of the death penalty would be irrelevant and thus, pursuant to Federal Rule of Evidence 401, 402, and 403 must be excluded.

## II.    ARGUMENT

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Evidence that is not relevant is inadmissible pursuant to Rule 402. Fed. R. Evid. 402.  A district court has "broad discretion" to exclude irrelevant evidence or evidence of "slight probative value." *United States v. Ortiz,* 15 F.3d 1093 (9th Cir. 1993). Rule 403 dictates that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403

The government does not seek to limit defense counsel's cross-examination improperly as to a cooperator's bias or motivation.  While there is generally a "policy favoring expansive witness cross-examination in criminal trials[,]" limitations are permissible. *United States v. Lo*, 231 F.3d 471, 482 (9th Cir. 2000), holding modified by *United States v. Larson*, 495 F.3d 1094 (9th Cir. 2007). Cross-examination is "[s]ubject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation," *United States v. James,* 139 F.3d 709, 713 (9th Cir.1998) ("The district court may impose reasonable limits on cross-examination" *United States v. Vargas,* 933 F.2d 701, 704 (9th Cir.1991) ("The trial judge has discretion to impose reasonable limits on cross-examination"). *Larson*, 495 F.3d 1094, 1106 (9th Cir. 2007) (en banc) (district court may prohibit cross-examination regarding the potential maximum statutory sentence that the witness faces, which "lacks significant probative force

UNITED STATES' MOTION IN LIMINE TO
EXCLUDE REFERENCE TO DEATH PENALTY ELIGIBILITY OF
COOPERATOR'S OFFENSES

because a defendant seldom receives the maximum penalty permissible under the statute of conviction.").

The government asks for such reasonable limit in this case.  The government ultimately did not seek the death penalty for the defendants who were facing death penalty eligible offenses.  The decision by the Attorney General not to seek the death penalty applied equally to all defendants.  The government provided notice of that decision well prior to any cooperation by witnesses anticipated to testify in the upcoming trial. Therefore, any implication that a witness's testimony may be motivated by the potential imposition of the death penalty or that it was a matter of "life and death" would be contrary to the facts, and well beyond any maximum potential penalty a cooperator may have faced when agreeing to cooperate and testify. It would instead create a false narrative about the bias a cooperating witness might have.

Moreover, even if the defendant could articulate *some* relevance, the Court should exclude any mention of the consequences of conviction pursuant to Rule 403 because any slight probative value of such inquiry would be substantially outweighed by the danger of unfair prejudice to the government and would be entirely misleading to the jury about an individual's motivation for testifying.

### III.   CONCLUSION

For the foregoing reasons, the Court should issue an order prohibiting defendant from stating, implying, or making references that suggest that any cooperator faced the death penalty at the time of their cooperation. Such statements would be contrary to the facts and misleading, and, as such, not probative of bias or motive.

Respectfully submitted,

ERIC GRANT
United States Attorney

Dated:  July 2, 2026

By: /s/ Amanda Kotula
AMANDA J. KOTULA
Trial Attorney, U.S. Department of Justice
JAMES CONOLLY
Assistant United States Attorney

UNITED STATES' MOTION IN LIMINE TO
EXCLUDE REFERENCE TO DEATH PENALTY ELIGIBILITY OF
COOPERATOR'S OFFENSES