ERIC GRANT
United States Attorney
JAMES CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

AMANDA J. KOTULA
Trial Attorney, U.S. Department of Justice
Violent Crime & Racketeering Section
1301 New York Avenue, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 514-3594

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>JUSTIN GRAY,<br>a.k.a. "Sidetrack",<br><br>                              Defendant. | CASE NO.  1:20-CR-238-JLT-SAB<br><br>UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE EXTRINSIC EVIDENCE TO IMPEACH GOVERNMENT WITNESSES<br><br>DATE: July 27, 2026<br>TIME: 9:00 a.m.<br>COURT: Hon. Jennifer L. Thurston |

The United States respectfully moves the Court *in limine* for an order prohibiting the defendant from seeking to impeach government witnesses through any extrinsic evidence, including impermissible reference to prior convictions not specifically permitted under Federal Rule of Evidence 609.

## I.    INTRODUCTION

Based on testimony of certain witnesses who testified in the January 2025 trial of three co-defendants, the government is concerned that Gray may seek to introduce evidence of prior bad acts allegedly committed by witnesses who may testify during the government's case-in-chief in the upcoming trial.  Whether through introduction of extrinsic evidence, or impeachment by criminal convictions that would be barred by Rule 609, that would be categorically improper under the rules of evidence.

UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE
EXTRINSIC IMPEACHMENT EVIDENCE

1

## II.    ARGUMENT

### A.    Rule 608 Prohibits Use of Extrinsic Evidence to Impeach

Rule 608 allows a party to attack a witness's credibility "by testimony about the witness's reputation for having a character for … untruthfulness, or by testimony in the form of an opinion about that character." Fed. R. Evid. 608(a). But such testimony by other witnesses is limited to "reputation" or "opinion" evidence and may not include testimony about specific instances of conduct. *Id.*

Apart from a prior conviction under Rule 609 (discussed below), Rule 608 specifically forbids any "extrinsic evidence … to prove specific instances of a witness's conduct in order to attack … the witness's character for truthfulness." Fed. R. Evid. 608(b). Such "specific instances" of prior untruthful conduct may only be inquired into on cross-examination. *Id.* The party cross-examining the witness is "stuck with whatever response" the witness gives to such inquiry. *United States v. Brooke*, 4 F.3d 1480, 1484 (9th Cir. 1993). Regardless of the witness's response, extrinsic evidence is not allowed.[1] *See id.*; Fed. R. Evid. 608(b).

Even on cross-examination, inquiry into prior instances of conduct is limited to conduct that is "probative of the character for *truthfulness or untruthfulness*" of the witness. Fed. R. Evid. 608(b) (emphasis added). Thus, a witness's prior bad acts that do not go to truthfulness—such as prior acts of violence or other illegal activity (other than criminal convictions under Rule 609)—are not a proper subject for impeachment and may not be inquired into on cross-examination of the witness. *See, e.g., United States v. Geston*, 299 F.3d 1130, 1137 (9th Cir. 2002) (acts of violence were not "probative of [the witness's] character for untruthfulness or his credibility"); *United States v. Collins*, 90 F.3d 1420, 1429 (9th Cir. 1996) (prior drug dealing not a proper subject of impeachment). In short, "[a] witness may not

---

[1] There is one narrow exception to this rule called "impeachment by contradiction." *United States v. Kincaid-Chauncey*, 556 F.3d 923, 932 (9th Cir. 2009). Where extrinsic evidence of a witness's prior bad acts would contradict testimony the witness gave *on direct examination*, it may be admitted as "impeachment by contradiction." *Id.* For example, where a witness volunteered on direct examination that he would never touch drugs, painting himself as a "paragon of virtue," it was proper to admit extrinsic evidence of his prior arrest for cocaine possession. *See United States v. Castillo*, 181 F.3d 1129, 1132 (9th Cir. 1999). But, such impeachment by contradiction is only permissible where the fact is "material." *Kincaid-Chauncey*, 556 F.3d at 932. Moreover, impeachment by contradiction is generally available only where the statements at issue were "volunteered on *direct* examination," not when they were elicited by cross-examination. *Id.* at 932–33 (emphasis in original).

be degraded by accusing him of improprieties not directly relevant to his veracity." *Lyda v. United States*, 321 F.2d 788, 793 (9th Cir. 1963).

Accordingly, it would be plainly improper for the defendant to seek to question government witnesses about prior bad acts for the sole purpose of "dirtying up" those witnesses. The Ninth Circuit has reaffirmed this basic rule on multiple occasions. For example, in *United States v. Hinton*, 31 F.3d 817 (9th Cir. 1994), a defendant sought to call a witness to testify about the "the victim's drinking and parental practices." *Id.* at 824. The district court excluded this testimony and the Ninth Circuit affirmed. *Id*. The Ninth Circuit explained that this proffered testimony "lacked any permissible impeachment purpose" under the plain language of Rule 608(b). *Id.* ("Under Federal Rule of Evidence 608(b), '[s]pecific instances of the conduct of a witness, for the purpose of attacking the witness' credibility ... may not be proved by extrinsic evidence.'"") (quoting *Brooke*, 4 F.3d at 1484, in turn quoting Fed. R. Evid. 608(b)) (1988 version)). Because the precluded testimony was offered through another witness, it was "plainly extrinsic." *Id.* The Ninth Circuit further explained that the precluded testimony "was not admissible under any theory of impeachment by contradiction" because the government had not elicited any testimony about the victim's "model parenthood or drinking habits that [the] precluded testimony could have contradicted." *Id.*

Similarly, in *Brooke*, the Ninth Circuit held that, while it was permissible for the government to cross-examine the defendant about false claims she had made about having cancer, Rule 608(b) flatly forbade the government from offering any extrinsic evidence, including through questioning of other witnesses, on this subject. *See Brooke*, 4 F.3d at 1484. The "law is clear" on this point under Rule 608(b), and thus, the government "was stuck with whatever response Brooke gave about her cancer" on cross-examination, and could not call any other witnesses, or introduce any other evidence, to rebut that testimony. *Id.*[2]

---

[2] The Ninth Circuit also reached the same conclusion in *United States v. Norman*, 402 F.3d 73 (9th Cir. 1968). In *Norman*, the defendant served writs of habeas corpus ad testificandum on three inmates in the San Francisco County Jail. *Id.* at 77. The trial court required an offer of proof from the defendant regarding the witnesses' anticipated testimony, and defendant offered that the witnesses would have testified that they had purchased illegal drugs from the government's key witness on multiple occasions. *Id.* The trial court quashed the writs. *Id.* In affirming the trial court's decision, the Ninth Circuit explained that the proffered testimony "would have been improper for purposes of impeachment" because "[e]xtrinsic evidence as to specific misdeeds may be inquired into for purposes of impeachment only

Under the plain language of Rule 608, and consistent Ninth Circuit precedent, the Court should preclude the defendant from offering any extrinsic evidence for the purpose of eliciting prior bad acts of government witnesses and from inquiring into prior instances of conduct that is not probative of the truthfulness or untruthfulness of the witness.

**B.    Rule 609 Limits Inquiry of Felony Convictions To Impeach.**

Aside from crimes related to dishonesty, Rule 609 limits inquiry into a witness's criminal history on cross examination to the existence of felony convictions, if the convictions are less than ten years old (or the defendant was released from the sentence for that felony within the last ten years).[3] Rule 609(a)(1). Unless the crime speaks specifically to the witness's character for truthfulness or untruthfulness, inquiry beyond the mere fact of conviction is generally inappropriate.  In contrast to crimes involving dishonesty or false statements, the impeachment value of a felony conviction derives from the mere fact of the conviction itself, not to its underlying circumstances. *See United States v. Cabrera*, 201 F.3d 1243, 1246 n.2 (9th Cir. 2000).  Ninth Circuit precedent has therefore typically found that the prejudicial effect of inquiry into the specific facts or surrounding circumstances of the conviction, the length of the resulting sentence, or any other collateral details outweighs any probative value, unless such details bear directly on issues of credibility.  *See, e.g. United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) ("[O]nly the prior conviction, its general nature, and punishment of felony range [are] fair game" for testing a witness's credibility); *United States v. Sine*, 493 F.3d 1021, 1036 n. 14 (9th Cir. 2007) ("[A]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction.") (citing *United States v. Rubio*, 727 F.2d 786, 797 n.5 (9th Cir. 1983)); *Crowley v. EpiCept Corp.*, 2015 WL 13827913, at *4 (S.D. Cal. Mar. 9, 2019) ("Any facts surrounding the felony conviction, however, are deemed inadmissible where convictions resulted." *Id.*

---

[3] Rule 609(b) provides that a conviction more than ten years old is not admissible as impeachment evidence "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed.R.Evid. 609(b) (emphasis added); *United States v. Bensimon*, 172 F.3d 1121, 1125 (9th Cir. 1999)

because the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury."); *Venable v. Patel*, 2022 WL 902835, at *1 (E.D. Cal. Mar. 28, 2022) (prohibiting defendants from introducing evidence about the "nature of the crime or the length of sentence being served").

Under Rule 609's clear boundaries, the Court should limit the defendant's inquiry into a witness's qualifying felony to the fact of the conviction itself, and should preclude further inquiry into circumstances or collateral details of any such conviction that are not probative of the truthfulness or untruthfulness of the witness.  Such a preclusion would not bar evidence of crimes a witness committed by or on behalf of the Aryan Brotherhood enterprise, however, as that would be direct evidence of the racketeering enterprise itself and the defendant's association with it. *See, e.g., United States v. Banks*, 506 F.3d 756, 773 (9th Cir. 2007), *amended,* 514 F.3d 959 (9th Cir. 2008) (holding that evidence underlying stabbing conviction was admissible as direct evidence the defendant engaged in the type of violence characterizing the organization of which he was alleged to be a member, and was therefore relevant and probative of the VICAR element of the defendant's membership in a racketeering organization).

### III.    CONCLUSION

For the foregoing reasons, the Court should issue an order prohibiting the defendant from calling witnesses or otherwise offering extrinsic evidence to impeach government witnesses with their prior bad acts, and limiting cross examination of those witnesses regarding prior convictions.

Dated:  July 2, 2026

ERIC GRANT
United States Attorney

By:  /s/ JAMES CONOLLY
JAMES CONOLLY
Assistant United States Attorney